**658**                                              **419 Mass. 658**

New England Telephone & Telegraph Co. *v.* Gourdeau Construction Co., Inc.

NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY *vs.*
GOURDEAU CONSTRUCTION COMPANY, INC.

Suffolk. November 10, 1994. - March 9, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Limitations, Statute of. Conflict of Laws. Contract*, Construction contract.

In a civil action based on an alleged breach of contract, a Superior Court
judge correctly denied the defendant's motion for summary judgment
grounded on the assertion that the action was barred under a New
Hampshire three-year statute of limitations, where under either the
traditional rule (the forum applies its own statute of limitations) or the
first prong of the test from § 142(2) of the Restatement (Second) of
Conflict of Laws (the forum applies its own statute of limitations per-
mitting the claim unless maintenance of the claim would serve no sub-
stantial interest of the forum) the six-year statute of limitations of
Massachusetts would be applied. [661-664]

The court announced that it will not continue its traditional consideration
of the application of statutes of limitations as procedural, but hence-
forth will follow the two-step approach outlined by § 142(2) of the Re-
statement. [664]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 15, 1992.

Motions for summary judgment were heard by *Martha B.
Sosman*, J., and the matter was reported by her to the Ap-
peals Court. The Supreme Judicial Court granted a request
for direct appellate review.

*Leonard F. Zandrow, Jr.* (*Robert L. Farrell & Kevin J.
O'Leary* with him) for the defendant.

*James E. Caffrey* for the plaintiff.

WILKINS, J. The plaintiff telephone company (NET) al-
leged in its June, 1992, complaint that, as the result of con-
struction work that the defendant (Gourdeau) performed at
NET's building in Nashua, New Hampshire, Gourdeau, in

breach of its contractual obligations, caused damage to NET's equipment. NET's breach of contract claim, based on damage that allegedly occurred in August, 1986, is barred under a New Hampshire three-year statute of limitations, if it is applicable. N.H. Rev. Stat. Ann. § 508:4 (Supp. 1994) (three-year statute of limitations, effective July 1, 1986 [1986 N.H. Laws c. 227, § 12]). On the other hand, the Massachusetts statute of limitations for contract actions is six years (G. L. c. 260, § 2 [1992 ed.]), and, if that is the appropriate statute of limitations to apply in this action, NET's claim is not barred.

A judge of the Superior Court recognized that, pursuant to decided cases in the Commonwealth, the statute of limitations of Massachusetts, the forum State, should be applied in this case because statutes of limitations have been viewed as a procedural matter. She, therefore, denied Gourdeau's motion for summary judgment on the contract count of NET's complaint. In a thorough memorandum in response to Gourdeau's request for a report of the issue to the Appeals Court, the judge stated that there is a trend elsewhere toward "abandoning the former policy of automatically applying the statute of limitations of the forum State. Many jurisdictions are now applying the statute of limitations of the place with the most significant relationship to or interest in the matter," citing cases. She added, citing authorities, that "[m]any commentators have criticized the traditional conflicts analysis that treated statutes of limitation as 'procedural' rather than 'substantive' and have urged courts to consider alternative approaches." She further recognized that the principle stated in a 1988 amendment to the Restatement (Second) of Conflict of Laws § 142 (Supp. 1989) reflects a shift away from the automatic use of a forum's statute of limitations.[1] Pursuant to Mass. R. Civ. P. 64, 365 Mass. 831

---

[1] Section 142 of the Restatement (Second) of Conflict of Laws, as amended in 1988, provides:

"Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In

**660**                                      **419 Mass. 658**

New England Telephone & Telegraph Co. *v.* Gourdeau Construction Co., Inc.

(1974), the judge reported the propriety of her order denying Gourdeau's motion for summary judgment, and we allowed Gourdeau's application for direct appellate review.

Massachusetts precedent calls for the application of the Massachusetts statute of limitations to NET's contract claim. That rule is stated in *Clark* v. *Pierce*, 215 Mass. 552, 553 (1913), which relies on the opinion of Chief Justice Shaw in *Bulger* v. *Roche*, 11 Pick. 36, 39-40 (1831). Last year in a case involving the question whether to apply a foreign jurisdiction's statute of repose, we said in dicta that "[t]he Commonwealth considers statutes of limitations as procedural: 'Massachusetts views statutes of limitation as relating to the remedy, and it applies its own law as the law of the forum.' *Wilcox* v. *Riverside Park Enters.*, 21 Mass. App. Ct. 419, 421 (1986), *S.C.*, 399 Mass. 533 (1987), and cases cited." *Cosme* v. *Whitin Mach. Works, Inc.*, 417 Mass. 643, 645 (1994). The *Cosme* opinion is interesting for our purposes because the court concluded that it would take a functional approach in determining the choice of law issue, because statutes of repose were not clearly procedural for choice of law purposes in the Commonwealth. *Id.* at 645-646. It is this same functional approach that this court has applied in selecting which State's substantive law to apply (see, e.g., *Bushkin Assocs.* v. *Raytheon Co.*, 393 Mass. 622, 631-632 [1985]) and that Gourdeau urges this court to use now in deciding which statute of limitations to apply.[2] The argu-

---

general, unless the exceptional circumstances of the case make such a result unreasonable:

"(1) The forum will apply its own statute of limitations barring the claim.

"(2) The forum will apply its own statute of limitations permitting the claim unless:

    "(a) maintenance of the claim would serve no substantial interest of the forum; and

    "(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence."

[2]Section 142 of the Restatement directs that the principles of § 6 of the Restatement shall determine whether a claim may be maintained against

419 Mass. 658                                                661

New England Telephone & Telegraph Co. *v.* Gourdeau Construction Co., Inc.

ment is that we should apply the New Hampshire statute of limitations because New Hampshire has a more significant relationship to the occurrence and the parties.

We discuss first whether consideration of the more significant relationship test would direct us to New Hampshire's statute of limitations, because, if it would not, both the traditional rule and the significant relationship test would lead us to apply the Massachusetts statute of limitations. Our focus should be on which State has the more significant relationship to the occurrence and to the parties with respect to the issue of limitations. See Restatement (Second) of Conflict of Laws § 142 comment e (Supp. 1989). See also *id.* comment g ("the forum should not entertain a claim when doing so would not advance any local interest and would frustrate the policy of a state with a closer connection with the case and whose statute of limitations would bar the claim").[3]

---

the defense of the statute of limitations. Restatement (Second) of Conflicts of Law § 6 (1971), which sets forth choice of law principles, states:

"(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
"(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
"(a) the needs of the interstate and international systems,
"(b) the relevant policies of the forum,
"(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
"(d) the protection of justified expectations,
"(e) the basic policies underlying the particular field of law,
"(f) certainty, predictability and uniformity of result, and
"(g) ease in the determination and application of the law to be applied."

[3]Since the adoption of § 142, there has been no movement toward, or in some cases even recognition of, the Restatement position. Compare *Etheredge* v. *Genie Indus., Inc.*, 632 So. 2d 1324, 1326-1327 (Ala. 1994) (procedural, apply forum statute of limitations; § 142 not cited); *Champagne* v. *Raybestos-Manhattan, Inc.*, 212 Conn. 509, 525 (1989) (same); *Huang* v. *D'Albora*, 644 A.2d 1, 4 (D.C. 1994) (same); *Williams* v. *Taylor Mach., Inc.*, 529 So. 2d 606, 609 (Miss. 1988) (rejecting application of Restatement § 142); *Keeton* v. *Hustler Magazine, Inc.*, 131 N.H. 6, 17 (1988) (New Hampshire statute of limitations is essentially procedural rule) (three-two decision); and *Nez* v. *Forney*, 109 N.M. 161, 162-163 (1989)

The motion judge concluded that "Massachusetts has no substantial interest in NET's claim against Gourdeau" and that New Hampshire has a far more significant relationship to the parties and the occurrence because the events in question occurred in New Hampshire and the construction contract provided that "[t]he Contract shall be governed by the law of the place where the Project is located."[4] Gourdeau repeats these points but does not argue that the quoted contract language dictates that New Hampshire's statute of limitations must be used. NET argues, on the other hand, that (1) both parties have principal places of business in Massachusetts; (2) Gourdeau is a Massachusetts corporation; (3) the contract was executed in Massachusetts; and (4) at the time that the contract was entered into, each State had a six-year statute of limitations.[5] NET also argues that the use of

(procedural even where contract provided it was governed by law of another State; § 142 not cited) with *Taylor* v. *Liberty Mut. Ins. Co.*, 579 So. 2d 443, 447 (La. 1991) (using interest analysis, statute of limitations of forum not applied; but see amendment to Louisiana Civil Code, effective January 1, 1992, discussed in *Seagrave* v. *Delta Airlines, Inc.*, 848 F. Supp. 82, 84-85 [E.D. La. 1994]); and *Keeton* v. *Hustler Magazine, Inc.*, *supra* at 22, 26-28 (Souter, J., dissenting) (citing § 142 and numerous criticisms of the treatment of statute of limitations as procedural). In addition to the scholarly criticisms of the treatment of statutes of limitations as procedural cited in the dissent in *Keeton* v. *Hustler Magazine, Inc.*, *supra* at 26-28, see Weinberg, Choosing Law: The Limitations Debates, 1991 U. Ill. L. Rev. 683, 691.

Under § 2 of the Uniform Conflict of Laws - Limitations Act, which has been adopted in six States, the law of the State on which the claim is based generally is used to determine the applicable limitations period. 12 U.L.A. 61, 63 (1994 Supp.).

[4]The quoted language appeared in an American Institute of Architects' form of general conditions that was incorporated by reference in the standard form of agreement between owner and contractor.

[5]Gourdeau objects that NET did not argue below that Massachusetts had a substantial relationship to the parties and to the cause of action and asserts that it is too late to do so now. We make a distinction between new nonjurisdictional arguments made by an appellant, which are rarely considered, and new arguments made by an appellee. An appellee may generally argue any issue, fairly open on the record, that supports the decision below. *Aetna Casualty & Sur. Co.* v. *Continental Casualty Co.*, 413 Mass. 730, 734-735 (1992). NET's argument, even if not made below, is not too late.

419 Mass. 658 663

New England Telephone & Telegraph Co. *v.* Gourdeau Construction Co., Inc.

the forum's statute of limitations in all instances involves a rule of easy application and eliminates the uncertainty that the use of a balancing test often will create.

The functional approach calls for consideration of the choice of law question, not generally (as the Uniform Act would have us do [see last paragraph of note 3 above]), but with particular reference to the statute of limitations issue. See Restatement (Second) of Conflict of Laws § 142 comment e (the emerging trend is to bar a claim if barred by "the state which, *with respect to the issue of limitations* is the state of most significant relationship to the occurrence and to the parties under the principles stated in § 6" [emphasis supplied]).

Certainly the Legislature has the right, within constitutional limits, to prescribe the answer to the statute of limitations issue. See *Sun Oil Co.* v. *Wortman,* 486 U.S. 717 (1988). See Restatement (Second) of Conflict of Laws § 6 (1) (court should follow any statutory directive on choice of law). Massachusetts has a statutory provision under which the statute of limitations of another State will be applied or "borrowed" in certain limited situations. See G. L. c. 260, § 9 (1992 ed.). The scope of that statute is narrow. See *Wilcox* v. *Riverside Park Enters., Inc.,* 399 Mass. 533, 539 (1987). The legislative decision to enact only a limited exception to the general common law rule is entitled to weight as a statement of the Commonwealth's policy interests.

Restatement § 142 (2) (a) states that Massachusetts should apply its own statute of limitations permitting a claim to be asserted unless "maintenance of the claim would serve no substantial interest of [Massachusetts]." Massachusetts has a substantial interest in letting NET's claim go forward. Each party has its principal place of business here; the contract was executed here; Massachusetts has expressed a preference that contracts be enforceable within six years of the accrual of the cause of action; Massachusetts could have, but has not, enacted broad legislation importing the statutes of limitations of other States; and the predictability of our judicial processes in providing answers with respect to completed

transactions would be lessened by an abrupt change of law in this case. The fact of the amendment of the New Hampshire statute, adopted after the contract was entered into and shortly before the alleged cause of action arose (reducing the limitations period from six years to three), does not offer a proper basis to change the result that unquestionably would have obtained if the New Hampshire statute had not been amended. In amending its statute of limitations as it did after the opinion in *Keeton* v. *Hustler Magazine, Inc.,* 465 U.S. 770, 778 n.10 (1984), New Hampshire itself stated its continuing preference for the application of the forum's statute of limitations.[6]

The judge was correct in denying Gourdeau's motion for summary judgment on the contract count. We state for the future that this court's treatment of the application of statutes of limitations as procedural will no longer be continued. The certainty of the traditional answer as to which statute of limitations to apply does not justify a refusal to apply the statute of limitations of another jurisdiction in particular circumstances. The order denying the motion of Gourdeau Construction Company for summary judgment on the contract count of its complaint is affirmed.

*So ordered.*

---

[6]Our analysis does not reach the question presented by § 142 (2) (b), under which the State with the more significant relationship to the parties and the occurrence must be determined. Section 142 first states that the principles of § 6 will determine whether a claim may be maintained against the defense of the statute of limitations. The balance of § 142 seems to set forth the way in which the principles of § 6 will be implemented in almost all instances. It may be, as a practical matter, that the principles of § 6 have no important role to play in § 142 until a court comes to consider which State has the more (or most) significant relationship to the parties and the occurrence.