Brassard, J.
Plaintiff Dyck-O’Neal, Inc. (“DICO") moves for summary judgment claiming a deficiency due under a promissory note after foreclosure sale of real property located in New Hampshire. Defendant Neil Zais (“Zais”) brings a cross-motion for summary judgment and urges that the action is barred under M.G.L.c. 244, §§17A and 17B.
For the following reasons plaintiffs motion for summary judgment is DENIED and defendant’s cross-motion for summary judgment is ALLOWED.
BACKGROUND
The following facts are undisputed.
DICO is a corporation with its usual place of business in Addison, Texas. Zais resides in Middlesex County, Massachusetts. On August 16, 1989 in Malden, Massachusetts, Zais executed a note (“Note”) to Pioneer Financial Bank (“Pioneer”) promising to pay $371,250.00. On the same day, Zais executed a mortgage (“Mortgage”) to Pioneer on real property located in Moultonborough, New Hampshire, to secure the Note. The Mortgage was recorded with the Carroll County, New Hampshire, Registry of Deeds. The Mortgage indicates that Pioneer is a New Hampshire corporation with an office in Malden, Massachusetts. Both the Note and the Mortgage were assigned to The Prudential Home Mortgage Company, Inc. (“Prudential”).
The Mortgage reads in part that, “[t]his Mortgage shall be governed by the law of the jurisdiction in which the Property is located.” (See Mortgage par. 15, Verified Complaint, attachment B.)
Zais defaulted on the Note. On June 12, 1990 Prudential sent Zais a notice of default. That letter states in part that, “there is also a possibility that a deficiency judgement [sic] may be pursued.” On July 19, 1990 Prudential sent an acceleration notice to Zais.
On May 2, 1991 the property was sold to the highest bidder for $247,500.00 in a foreclosure sale under the power of sale contained in the Mortgage. At the time of foreclosure defendant’s total indebtedness was $422,246.37, less the foreclosure sale price, resulting in a deficiency of $174,746.37.[1]
The Note was subsequently assigned by Prudential to DICO. DICO seeks damages for the full amount of the alleged deficiency plus all interest, costs and fees from the date of sale to the date of judgment.
The parties agree that New Hampshire law governed the foreclosure sale since there was a provision to that effect in the Mortgage. The Court must determine whether the applicable limitations period is that enacted in Massachusetts or that enacted in New Hampshire. If Massachusetts law governs, the parties agree that DICO’s failure to commence this action within two years after the date of the foreclosure sale pursuant to G.L.c. 244, §17A,[2] together with its predecessor’s failure to send a notice of intention to foreclose with a warning that a deficiency might be sought pursuant to G.L.c. 244, §17B,[3] preclude DICO from recovering the deficiency under the Note. If New Hampshire law governs, New Hampshire foreclosure law does not require a “deficiency notice” and does not apply a short statute of limitations on deficiency actions.[4]
DISCUSSION
The court will grant a motion for summaiy judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that the moving parly is entitled to judgment as a matter of law. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Mass.R.Civ.P. 56(c). The burden is on the moving party to show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Flesner v. Technical Communications Corp., 410 Mass. 805, 808-09 (1991) (citations omitted). “This burden need not be met by affirmative evidence negating an essential element of the plaintiffs case, but may be satisfied by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Id., citing Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
In New England Telephone & Telegraph Co. v. Gourdeau Construction Co., Inc. 419 Mass. 658 (1995), the Supreme Judicial Court indicated that it would no longer recognize the principle that the statute of limitations is “procedural” such that the applicable Massachusetts statute is to be invariably applied. The Court made it clear that in the future, this conflict of law issue would be informed by the provisions of §142 of the Restatement (Second) of Conflict of Laws as amended in 1988. §142 provides as follows:
Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in §6. In general, unless the exceptional circumstances of the case makes such a result unreasonable:
(1) The forum will apply its own statute of limitations barring the claim.
(2) The forum will apply its own statute of limitations permitting the claim unless:
(a) maintenance of the claim would serve no substantial interest of the forum; and
*45 (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.
In New England Telephone, the Court observed that “as a practical matter the principles of §6 have no important role to play in §142 until a court comes to consider which State has a more (or most) significant relationship to the parties and the occurrence.” 419 Mass. at 664, n.6.
Section 142 provides that the forum will apply its own statute of limitations barring the claim “unless the exceptional circumstances of the case makes such a result unreasonable." The comments to §142, particularly comment F, make it clear that this principle is to be applied unless dismissal of the claim would be “unjust” or unless suit in an alternative forum would be “extremely inconvenient.”
This court concludes that although New Hampshire has a significant relationship to the real estate transaction which is at the root of the deficiency claim, the circumstances presented are not so exceptional that the principles of §142 should not be followed. DICO makes no argument to the effect that there is not jurisdiction in New Hampshire or that litigation between the parties in New Hampshire would be extremely inconvenient.
Although this case grows out of a real estate transaction, the claim in this court is based upon the promissory note and not the mortgage. The note does not contain a choice of law provision. The choice of law provision specified in the mortgage appears to reflect what must be the case: legal remedies relating to a mortgage are governed by the laws of the situs state. In any event, that provision is not controlling in this case.
ORDER
For the foregoing reasons, it is therefore ORDERED that plaintiffs motion for summary judgment is DENIED and it is ORDERED that defendant’s cross-motion for summary judgment is ALLOWED.

 DICO claims there is an outstanding balance due on the Note. Zais argues that the entire indebtedness was paid by proceeds of the foreclosure sale according to IRS Form 1099-A prepared by Prudential, the foreclosing mortgagee. (See N. Zais Aff. and Defendant Zais’ Memorandum in Support of His Cross-Motion for Summary Judgment and in Opposition to Plaintiffs Motion for Summary Judgment, Attachment D.) However, as indicated in an affidavit of Gary Dyck, President of DICO, Prudential issued a corrected IRS Form 1099-A in 1994. (Plaintiffs Memorandum in Opposition to Defendant’s Cross-Motion for Summary Judgment, attachment A.) The corrected 1099-A Form indicates gross foreclosure proceeds of $247,500.00 and shows a principal outstanding balance. (Plaintiffs Memorandum in Opposition to Defendant’s Cross-Motion for Summary Judgment, attachment A.)

 G.L.c. 244, §17A (limitation of actions for deficiencies on mortgage notes following foreclosure under power of sale) states that a deficiency action “shall... be commenced within two years after the date of the foreclosure sale . . .”

 G.L.c. 244, §17B (notice of intention to foreclose prerequisite to action for deficiency on mortgage notes; form of notice and affidavit) states that no deficiency action after foreclosure under power of sale shall be brought unless a notice of foreclosure is mailed “to the defendant sought to be charged with the deficiency . . . with a warning of liability for the deficiency . . . not less than twenty-one days before the date of the sale under the power in fire mortgage, and an affidavit has been signed and sworn to, within thirty days after the foreclosure sale, of the mailing of such notice.”

 Mortgage foreclosure actions are subject to a 20-year statute of limitations under New Hampshire law. N.H. Rev. Stats. 508:2 ("Real Actions. No action for the recovery of real estate shall be brought after 20 years from the time the right to recover first accrued to the party claiming it or to some persons under whom he claims”). Phinney v. Levine, 116 N.H. 379 (1976). In New Hampshire, actions maybe brought under mortgage notes “so long as plaintiff is entitled to bring an action upon the mortgage.” N.H. Rev. Stats. 508:6 (“Mortgage Notes. Actions upon notes secured by a mortgage of real estate may be brought so long as the plaintiff is entitled to bring an action upon the mortgage”). ‘This statute has been interpreted as extending the ability of a plaintiff to sue on a mortgage-secured promissory note beyond the standard six-year period allowed on suits to enforce such notes. Jenot v. White Mountain Acceptance Corp., 124 N.H. 701 (1984).” Newburyport Five Cents Savings Bank v. MacDonald, 5 Mass. L. Rptr. 30, 677 (Oct. 28, 1996).