MICHAEL A. KAHN & others[1] vs. ROYAL INSURANCE COMPANY.

Norfolk. February 5, 1999. - May 13, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

Conflict of Laws. Limitations, Statute of. Practice, Civil, Statute of limitations, Retroactivity of judicial holding. Retroactivity of Judicial Holding. Contract, Insurance. Insurance, Waiver. Waiver. Estoppel.

In an action brought in Massachusetts in 1996, for injuries arising from an automobile accident in Massachusetts in 1990, seeking underinsurance benefits from an insurer under a Florida insurance policy issued in Florida to a Florida motor vehicle owner, covering a vehicle bearing Florida plates and operated by a vice-president of the Florida insured, the five-year Florida statute of limitations was applicable, under the principles set forth in New England Tel. & Tel. Co. v. Gourdeau Constr. Co., 419 Mass. 658 (1995), to bar the claim. [574-575, 575-576]

A defendant in a civil action did not waive its right to raise the applicable statute of limitations as a defense, nor did it make any representation to the plaintiffs that would require that it be estopped to assert the applicable statute of limitations. [576-578]

CIVIL ACTION commenced in the Superior Court Department on January 19, 1996.

The case was heard by Barbara A. Dortch-Okara, J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

Brian A. O'Connell (David W. Zizik with him) for the plaintiffs.

David D. Dowd for the defendant.

WILKINS, C.J. In New England Tel. & Tel. Co. v. Gourdeau Constr. Co., 419 Mass. 658 (1995) (Gourdeau), this court abandoned its long-standing rule that the statute of limitations of the forum determines whether an action was seasonably commenced. Id. at 660, 664. We adopted instead the functional approach to the determination of the applicable statute of limita-

---

[1] Beverly K. Kahn and their minor children Robert S. and Sarah L. Kahn.

tions that is stated in the Restatement (Second) of Conflicts of Laws § 142 (Supp. 1989). *Id.* at 663-664.

In the case before us, the plaintiffs' claims would be barred by the Florida five-year statute of limitations (Fla. Stat. Ann. § 95.11[2][b] [West 1996]), but not by the Massachusetts six-year statute of limitations applicable to contract actions. G. L. c. 260, § 2. The first issue, using the functional approach, is which statute of limitations applies. If we conclude that the Florida statute of limitations would apply under the principles of the *Gourdeau* case, a further issue arises. Our *Gourdeau* opinion was released after the five-year period of the Florida statute of limitations had expired. The plaintiffs argue that for that reason the *Gourdeau* case should not control the statute of limitations issue in this case.

The Kahns commenced this action on January 19, 1996, seeking the appointment of an arbitrator pursuant to G. L. c. 251, § 1. The defendant, Royal Insurance Company (Royal), asserted the statute of limitations as a defense. A judge in the Superior Court considered the statute of limitations issue on cross motions for summary judgment, based on a statement of agreed facts, and ordered judgment for Royal. She concluded that the plaintiffs' claims were barred by the Florida statute of limitations. We transferred the plaintiffs' appeal to this court on our own motion and now affirm the judgment.

The plaintiff Beverly Kahn was seriously injured in a two-vehicle accident in Wellesley on January 23, 1990. She was driving an automobile registered to Sun Chevrolet, Inc., and Sun Leasing of Miami, Inc. (Sun), that had a Florida automobile dealer's license plate. Sun is a Florida corporation with all its business locations in Miami. Beverly and Michael Kahn, long-time residents of Massachusetts, are vice-presidents of Sun which provided them the use of the automobile. The vehicle was garaged in Wellesley and had not left Massachusetts while in their possession before the accident. In March, 1992, the Kahns settled their claim against the driver of the other vehicle involved in the accident for $100,000, the policy limit of the other driver's insurance coverage.

The Kahns asserted an underinsured motorist claim against Royal's affiliate Globe Indemnity Company (Globe), which had issued a policy to Sun in Florida through a Florida insurance producer. The policy had an endorsement entitled "Florida Uninsured Motorists Coverage Non-Stacked." Globe and Royal

each has a principal place of business in North Carolina. The premiums paid on the Sun policy covered twenty-five vehicles bearing Florida dealer plates. For the purposes of this appeal, Beverly Kahn was an insured under the Globe policy and is entitled to any underinsured motorist benefits that are provided under that policy, if seasonably pursued.

1. The Florida statute of limitations is the appropriate one to apply in this case. Section 142 of the Restatement (Second) of Conflict of Laws, amended in 1988, which is set forth in full below,[2] provides that "[i]n general, unless the exceptional circumstances of the case make such a result unreasonable," the forum State will apply its own statute of limitations permitting the claim unless "(a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." Massachusetts has no substantial interest in the Kahns' claim, and Florida has a more significant relationship to the insurance claim and the parties than Massachusetts does.

In deciding whether Massachusetts has a substantial interest in maintenance of the claim and whether Florida has a more significant relationship to the parties and the contract claim, we focus on the statute of limitations issue, and not on the underlying tort. See *Gourdeau, supra* at 663. The facts that the accident occurred in Massachusetts and the plaintiffs are Massachusetts residents provide Massachusetts no substantial interest in the

[2]Section 142 of the Restatement (Second) of Conflict of Laws (Supp. 1989), as amended in 1988, provides:

> "Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> "(1) The forum will apply its own statute of limitations barring the claim.
>
> "(2) The forum will apply its own statute of limitations permitting the claim unless:
>
> > "(a) maintenance of the claim would serve no substantial interest of the forum; and
> >
> > "(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence."

insurance policy claim. That claim involves an insured under a Florida insurance policy issued in Florida by a Florida producer to a Florida motor vehicle owner, covering a vehicle bearing Florida plates and operated by a vice-president of the Florida insured. Massachusetts would have a substantial interest in the timeliness of an action to enforce rights under a Massachusetts motor vehicle insurance policy. The Kahns elected, however, to rely on an entirely Florida-based insurance transaction, thereby placing themselves outside the substantial interest of Massachusetts in the enforceability of a contract action seeking to enforce their first-party insurance claims. Surely, Florida has a more significant relationship to Royal and its named insured, Sun, through whom the Kahns claim, and, as we have said, to the occurrence, which is the alleged failure of Royal to agree to arbitrate the Kahns' underinsurance claim as the Florida policy provided.[3]

2. The *Gourdeau* opinion announced a rule that was intended to be applicable to all cases coming before us thereafter. If the principles stated in the *Gourdeau* opinion were not intended to apply to transactions occurring before its release, we would have simply applied the Commonwealth's statute of limitations, according to the traditional rule, and proclaimed, as we sometimes do,[4] that a new rule will apply only to causes of action thereafter arising. We did otherwise, however, analyzing the circumstances with the possibility that the new principles might apply in the *Gourdeau* case itself.[5]

The general rule is that common-law decisions apply to pend-

---

[3]We need not consider whether the failure to register the vehicle in the Commonwealth and to obtain a Massachusetts automobile policy violated G. L. c. 90, § 3, as Royal argues and as the Kahns deny, and whether an unlawful failure to register in Massachusetts would have any bearing on the claims asserted in this case.

[4]See, e.g., *Johnson Controls, Inc.* v. *Bowes*, 381 Mass. 278, 283 (1980) ("we confine our decision to claims arising after the date of this opinion"); *Rosenberg* v. *Lipnick*, 377 Mass. 666, 671 (1979) ("Thus, in future cases involving agreements drawn after the publication date of this opinion, we shall feel free to [apply the new rule]").

[5]Our statement that "for the future" (*New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co.*, 419 Mass. 658, 664 [1995]) we would no longer treat the statute of limitations as procedural has caused some uncertainty. Compare *Fedder* v. *McClennen*, 959 F. Supp. 28, 34 (D. Mass. 1996) (*Gourdeau* does not "apply to claims which arose prior to its adoption"), with *Stanley* v. *CF-VH Assocs., Inc.*, 956 F. Supp. 55, 58 (D. Mass. 1997) ("if *Gourdeau* is

ing cases. See *Halley* v. *Birbiglia*, 390 Mass. 540, 544 (1983); *Payton* v. *Abbott Labs*, 386 Mass. 540, 565 (1982). "Nevertheless, it is sometimes necessary to depart from the general rule of retroactivity, in order to protect the reasonable expectations of parties." *Schrottman* v. *Barnicle*, 386 Mass. 627, 631 (1982). See *Halley, supra* at 545. This is not such a case.[6] The result we reached in our *Gourdeau* opinion appeared following considerable adumbration. We used the functional approach in *Bushkin Assocs., Inc.* v. *Raytheon Co.*, 393 Mass. 622, 631-632 (1985), and again in *Cosme* v. *Whitin Mach. Works, Inc.*, 417 Mass. 643, 645 (1994). See *Choate, Hall & Stewart* v. *SCA Servs., Inc.*, 378 Mass. 535, 540-541 (1979). In the *Cosme* case, we dealt with a choice of law question involving a statute of repose, a cousin, if not a sibling, of a statute of limitations. *Id.* at 645-646. Judge Ponsor wrote in *Stanley* v. *CF-VH Assocs., Inc.*, 956 F. Supp. 55, 57-58 (D. Mass. 1997), that "[t]he holding in *Gourdeau* continued the trend in Massachusetts law, moving parallel to the development in some, but not all, other jurisdictions. The previous treatment of statutes of limitation as merely procedural would be discontinued." In our *Gourdeau* opinion, we pointed out that the trial judge had noted that many jurisdictions were not treating statutes of limitations as procedural and that many commentators had criticized the traditional conflicts analysis of statutes of limitations. *Gourdeau, supra* at 659.

3. The Kahns argue that Royal waived its right to assert the Florida statute of limitations as a defense and that Royal is estopped to assert that defense. The parties agreed to the facts

construed as prospective only, most of its text would be superfluous"). Judge Ponsor's opinion in the *Stanley* case, rejecting the application of the *Gourdeau* case as prospective only, correctly analyzes our *Gourdeau* opinion. See *id.* at 60.

[6]If a statute had shortened the statute of limitations, we would require that a person who otherwise would be adversely affected by the change be given a reasonable time to commence an action. See *Anderson* v. *Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. 444, 454 (1982), and cases cited. This action was commenced more than ten months after the *Gourdeau* opinion was released. That was not a timely reaction to the *Gourdeau* opinion. A stronger case for the plaintiffs would exist if a complaint had been filed promptly after release of our *Gourdeau* opinion, alleging reasonable reliance on our long-standing rule concerning the appropriate statute of limitations to apply. But even then, any alleged reliance on our old rule is unlikely to have been reasonable in light of the changing approach to conflict of laws rules concerning statutes of limitations.

for the purpose of determining the statute of limitations issue. The Kahns do not assert that Royal made any explicit representation concerning any statute of limitations.

In presenting their separate contentions of waiver and estoppel, they rely on portions of two letters that Royal sent to the Kahns' counsel. On April 3, 1992, a Royal claims representative in Florida wrote that Royal was transferring the file concerning the underinsured motorist clause to the claims manager of its Boston office "because of our lack of knowledge of the uninsured motorist procedures and laws in the State of Massachusetts."[7] In December, 1992, a Boston claims specialist of Royal wrote to Kahns' counsel that, "I wondered if you made a decision as to where you want to go on this particular case. If you feel that you would rather go through court mandated arbitration, I would agree to using that avenue as mandated by the Massachusetts courts systems. This would constitute a waiver of the process under the policy, which I would agree to as long as you and your client would agree to same."

Royal did not waive its right to assert the Florida statute of limitations as a defense. "Waiver consists of the insurer's voluntary or intentional relinquishment of a known right." *Merrimack Mut. Fire Ins. Co.* v. *Nonaka*, 414 Mass. 187, 189 (1993). The transfer of the claims file to Boston and an expression of willingness to use Massachusetts arbitration procedures, both occurring more than two years before the Florida statute of limitations would bar an action against Royal, does not warrant an inference that Royal accepted the Massachusetts six-year statute of limitations as the controlling one. The transfer of the file to the jurisdiction in which a lawsuit probably would be brought does not waive a right to assert defenses. The offer to waive policy provisions concerning arbitration of the underinsured motorist claim can hardly be taken as an intention to relinquish some other right. See *Sheehan* v. *Commercial Travelers Mut. Acc. Ass'n*, 283 Mass. 543, 552 (1933).

Similarly, there is no ground for concluding that Royal is estopped to assert the Florida statute of limitations. Royal made no representation that induced the Kahns (and their counsel) to believe reasonably that the Massachusetts six-year statute of limitations would determine the timeliness of any action brought

[7]This letter appears to respond to a request that Royal assent to the proposed settlement for $100,000 with the third-party tortfeasor and does not directly concern the Kahns' underinsured motorist claim.

against Royal. Therefore, there is no basis for inferring an estoppel. See *Clickner* v. *Lowell*, 422 Mass. 539, 545 (1996); *Riley* v. *Presnell*, 409 Mass. 239, 249 (1991).

*Judgment affirmed.*