NEWBURYPORT FIVE CENTS SAVINGS BANK *vs.* JOHN E. MACDONALD. No. 97-P-1083. October 27, 1999. *Limitations, Statute of. Conflict of Laws. Mortgage, Foreclosure.*

The defendant, John E. MacDonald, appeals from a Superior Court judge's grant of summary judgment establishing his liability for deficiencies on four promissory notes he had executed in his individual or representative capacity in favor of the plaintiff, Newburyport Five Cents Savings Bank (bank). The deficiencies arose from the bank's foreclosure sales of its mortgages on certain commercial real estate located in New Hampshire that secured the debts. MacDonald also appeals from the Superior Court judge's entry of judgment for the bank on counts I-IV of its complaint in the amount of $708,308.01, representing the total deficiency under the four promissory notes.[1] MacDonald concedes that he defaulted on the promissory notes. His defense is that the Superior Court judge erred in applying New Hampshire law, including that State's statute of limitations, and not applying Massachusetts law as governing the claims in this action. We affirm the judgment below.

The material facts are not in dispute. MacDonald, who is a resident of Massachusetts, borrowed monies from the bank in order to purchase commercial real estate in New Hampshire. The bank is a Massachusetts corporation with a place of business in Newburyport.

Between November, 1987, and April, 1990, MacDonald, individually and as trustee of certain New Hampshire real estate trusts, executed four promissory notes and related mortgages in favor of the bank in connection with the

---

[1]Count V of the bank's complaint was dismissed by the Superior Court. The bank does not raise any issue on appeal as to that particular count.

purchase of the New Hampshire properties. The promissory notes were all term obligations, with varying maturity dates. There is no dispute that Mac-Donald defaulted on each of the four promissory notes. In May, 1992, the bank conducted foreclosure sales on each of the commercial properties in New Hampshire.

The bank then commenced this action in the Newburyport District Court in May, 1995, for the deficiency resulting under each of the promissory notes. MacDonald removed the action to the Superior Court in Essex County. A threshold issue is which applicable State statute of limitations applies as to the suit for the deficiency. Is it the law of this Commonwealth, being the court of the forum, or is it the law of New Hampshire, the State where the real property was situated? If Massachusetts law applies, this suit would be barred by the statute of limitations. Under G. L. c. 244, § 17A, an action for a deficiency after the foreclosure must be commenced within two years from the date of the foreclosure sale. Under New Hampshire law, however, there is a twenty-year statute of limitations, and, if appropriate to apply here, the bank's action would not be barred.

In a well-reasoned decision, a Superior Court judge concluded that application of the New Hampshire statute of limitations would not contravene Massachusetts public policy and that New Hampshire had a substantial relationship to the parties' loan transactions. The motion judge allowed the bank's motion for partial summary judgment, establishing MacDonald's liability on the promissory notes. A different Superior Court judge ordered that final judgment enter in favor of the bank in the amount of $708,308.01. We agree with the Superior Court judge that the New Hampshire statute of limitations should apply to this action.

Historically, Massachusetts has considered the statute of limitations as a procedural matter and has applied its own law as the law of the forum. See *Clarke* v. *Pierce*, 215 Mass. 552, 553 (1913). In 1995, the Supreme Judicial Court reviewed in *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co.*, 419 Mass. 658 (1995), in the context of a conflict of law issue, the question of which State statute of limitations, Massachusetts or New Hampshire, should apply to a contract dispute. In the *Gourdeau* case, two Massachusetts corporations, New England Telephone & Telegraph (NET) and Gourdeau Construction Company, Inc. (Gourdeau), executed a contract for work to be performed by Gourdeau in New Hampshire. NET brought suit alleging that its equipment had been damaged as a result of Gourdeau's work. Under New Hampshire law, NET's claim would have been time-barred. On the other hand, if Massachusetts law applied, NET's action would be timely.

Adopting a "functional" approach, the court stated in *Gourdeau*: "Our focus should be on which State has the most significant relationship to the occurrence and to the parties with respect to the issue of limitations." 419 Mass. at 661. See *Dasha* v. *Adelman*, 45 Mass. App. Ct. 418, 426-427 (1998) (considering a statute of repose). The *Gourdeau* court concluded that "Massachusetts has a substantial interest in letting NET's claim go forward," noting:

"Each party has its principal place of business here; the contract was executed here; Massachusetts has expressed a preference that contracts be enforceable within six years of the accrual of the cause of action; Massachusetts could have, but has not, enacted broad legislation import-

ing the statutes of limitations of other States; and the predictability of our judicial processes in providing answers with respect to completed transactions would be lessened by an abrupt change of law in this case."

419 Mass. at 663-664.

Applying the functional test here, the Superior Court motion judge correctly concluded that New Hampshire, the State where the real property securing the indebtedness is situated, has a stronger interest than that of Massachusetts to see to it that (a) the foreclosure sales were conducted in accordance with New Hampshire law, and (b) the deficiency action, resulting from the foreclosure sales and the underlying loan transactions, all of which involved the financing and purchase of New Hampshire property by New Hampshire trusts, should be governed by its own statute of limitations. We think the motion judge correctly concluded that New Hampshire had a more substantial interest in the bank's claim than Massachusetts. In applying the statute of limitations of New Hampshire in the instant case, no substantial interest of Massachusetts would be adversely affected.

As to the intent of the parties, the judge looked to the terms of the mortgages, uniform to each of the transactions, which called for New Hampshire law to apply. Specifically, in each of the mortgages that Mac-Donald executed in favor of the bank, a provision, entitled "Governing Law: Severability," states, "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." We concur with the motion judge's determination that the parties' choice of law provision in the mortgages was incorporated by reference into the promissory notes. The notes, which were all identical as to the underlying terms and condition, included the following provision, entitled "Uniform Secured Note," and states,

> "This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note."

"Massachusetts law has recognized, within reason, the right of the parties to a transaction to select the law governing their relationship." *Morris* v. *Watsco, Inc.*, 385 Mass. 672, 674 (1982). *Steranko* v. *Inforex, Inc.*, 5 Mass. App. Ct. 253, 260 (1977). See G. L. c. 106, § 1-105(1). Measured against this standard, we conclude, as did the motion judge, that the parties' agreement that New Hampshire law should govern their loan transactions was reasonable. The choice to apply New Hampshire's statute of limitations to the four promissory notes is not contrary to Massachusetts public policy, and New Hampshire, as the State designated by the parties for choice of law purposes,

has a more substantial relation to the mortgage notes than Massachusetts.[2] "The certainty of the traditional answer as to which statute of limitations to apply does not justify a refusal to apply the statute of limitations of another jurisdiction in particular circumstances." *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co.*, 419 Mass. at 664.

We need not address MacDonald's defense that irregularities occurred in the foreclosure sale. MacDonald would have had to make a claim in New Hampshire as to any such allegations within one year and one day from the date of the recording of the foreclosure deed of such sale, which he did not do. See N.H. Rev. Stat. Ann. § 479:25 II-a.

We do not agree, as MacDonald contends, that the *Gourdeau* decision should only be applied prospectively. The Supreme Judicial Court explicitly rejected that argument in *Khan* v. *Royal Ins. Co.*, 429 Mass. 572, 575 n.5 (1999). Referring to its *Gourdeau* opinion, the court in *Khan* further stated that "any alleged reliance on our old rule is unlikely to have been reasonable in light of the changing approach to conflict of laws rules concerning statutes of limitations." *Id.* at 576 n.6.

*Judgment affirmed.*

*Gretchen Van Ness* for the defendant.
*Jill Haley Murphy* for the plaintiff.

---

[2]It is significant, as the motion judge found, that MacDonald raised issues respecting the mechanics of the foreclosure process, including notice thereof, and the commercial reasonableness of the sale.