Merrick, P.J.
This is a negligence action to recover for personal injuries sustained by plaintiff Sylvia Nierman at a hotel operated by the defendant in Dallas, Texas. The trial court entered summary judgment for the defendant on the ground that the action was barred by a Texas two-year statute of limitations. The plaintiffs have appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
Plaintiffs Sylvia and Edward Nierman are residents of Newton, Massachusetts. Defendant Hyatt Corporation (“Hyatt”) is a Delaware corporation with a principal place of business in Illinois. Hyatt operates the Hyatt Regency DFW, a hotel at the Dallas-Fort Worth Airport in Dallas, Texas. Hyatt manages, but does not own, a Hyatt hotel in Cambridge, Massachusetts. The plaintiffs made a reservation through a Massachusetts travel agent to stay at the Hyatt Regency DFW. On January 15,1994, after arrival at the Hyatt Regency DFW, Sylvia Nierman attempted to board a motorized transport cart in the hotel which was operated by a hotel employee. The operator accelerated as Sylvia Nierman was in the process of getting onto the cart, and she was thrown to the ground.
On January 15,1997, three years to the day after the accident, the plaintiffs filed this action in the Newton Division of the District Court Department to recover for personal injuries and loss of consortium. Hyatt moved for summary judgment on the basis of C.P. & R.C. §16.003, the Texas statute providing a two-year limitations period for actions for personal injuries. The plaintiffs have appealed the allowance of Hyatt’s motion.
In New England Tel. & Tel. Co. v. Gourdeau Constr. Co., 419 Mass. 658 (1995) (“Gourdeau"), the Supreme Judicial Court abandoned its prior rule that regarded statutes of limitations as procedural. Under the prior rule, the statute of limitations to be applied was always that of the forum state. In Gourdeau, the Court decided to follow a “functional approach,” Id. at 663, in determining the governing statute of limitations and applied the RESTATEMENT (SECOND) OF CONFLICT OF LAWS §142 (Supp. 1989), as amended in 1988. Section 142 states:
Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in §6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
*316 (1) The forum will apply its own statute of limitations barring the claim.
(2) The forum will apply its own statute of limitations permitting the claim unless:
(a) maintenance of the claim would serve no substantial interest of the forum; and
(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.
It is true that the plaintiffs live in Massachusetts and made their reservation through a Massachusetts travel agent, and that Hyatt manages a hotel in Massachusetts. However, the event to which the statute of limitations is to be applied is not the making of the reservation or the management of a hotel in Massachusetts. Moreover, in deciding whether Massachusetts has a “substantial interest” in the maintenance of the claim and which state has a “more significant relationship to the parties” and the occurrence, “we focus on the statute of limitations issue, and not on the underlying tort.” Kahn v. Royal Ins. Co., 429 Mass. 572, 574 (1999). Massachusetts would seem to have no substantial interest in the subject of the statute of limitations applicable to businesses in Texas for torts committed in Texas by Texas employees.
Although neither party is a domiciliary of Texas, the present case is distinguishable from the hypotheticals in Comment g to §142 of the RESTATEMENT upon which the plaintiffs rely. The distinction is that the foreign parties in the Comment g examples were merely operating motor vehicles in the third state, not operating a business and employing local citizens there.
The functional approach calls for consideration of the choice of law question, not generally (as the Uniform Act would have us do...) but with particular reference to the statute of limitations issue. See: Restatement (Second) of Conflict of Laws §142 comment e (the emerging trend is to bar a claim if barred by ‘the state which, with respect to the issue of limitations is the state of most significant relationship to the occurrence and to the parties under the principles stated in §6’ [emphasis supplied]).
Gourdeau, supra at 663.
By enacting statutes of limitations reflecting “its judgment as to the proper balance between the [consumer’s] need for safety and the [business owner’s] economic survival,” McHerron v. Jiminy Peak, Inc., 422 Mass. 678, 679 (1996), the Texas legislature, like its Massachusetts counterpart, “is given broad latitude in determining how best to ensure safety while at the same time controlling liability.” Id. Hyatt, while not a Texas corporation, operates a business there and employs Texans. The matter of the balance of the interest of consumers in pursuing claims and of preservation of the economic viability of businesses in Texas is one with which Texas has the greatest interest. With respect to the statute of limitations issue, Texas has, by far, the “most significant relationship” to the occurrence in the present case.
Summary judgment for the defendant is affirmed. Appeal dismissed.
So ordered.