Smith, Herman J., J.
INTRODUCTION
Plaintiff Ramon Gonzalez (“Gonzalez”) filed this negligence action against defendants Steven Johnson, DEC-TAM Corporation, and Michael Morris, after sustaining injuries in a worksite accident in Connecticut. The defendants move to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) on the basis that Gonzalez’s complaint is barred under Connecticut’s statute of limitations on negligence claims. Conn. Gen. Stat. §52-585. For the following reasons, the defendants’ motion is ALLOWED.
BACKGROUND
On August 29, 2004, Gonzalez was performing asbestos removal work in New Canaan, Connecticut when he fell from scaffolding and sustained injuries. At the time of the accident, he was working for Methuen Abatement Staffing, Inc., which defendant DEC-TAM Corporation (“DEC-TAM”) had engaged to conduct the asbestos removal. In his complaint Gonzalez alleges that the defendants, DEC-TAM, Steven Johnson (“Johnson”), and Michael Morris (“Morris"),[1] were negligent by failing to maintain a safe construction site and by failing to comply with the safety requirements of the Occupational Safety and Health Administration and Connecticut law. He brings three negligence counts and one count for loss of consortium on behalf of his children, Rosemarie Gonzalez and Randy Gonzalez.
DISCUSSION
The defendants move to dismiss Gonzalez’s complaint pursuant to Mass.R.Civ.P. 12(b)(6), on the basis that he failed to file his complaint within Connecticut’s two-year statute of limitations for negligence claims. Conn. Gen. Stat. §52-585. In response, Gonzalez argues that (1) Massachusetts’ three-year statute of limitations (G.L.c. 260, §2A) is applicable, and (2) nonetheless, he filed the complaint within the two-year timeframe.
Under Connecticut law, “an action is brought once the writ, summons and complaint have been served upon a defendant.” Rana v. Ritacco, 236 Conn. 330, 337 (1996). Lacasse v. Burns, 214 Conn. 464 (1990) (“an action is not ‘commenced’ until process is actually served upon the defendant”); Consolidated Motor Lines, Inc. v. M&M Transportation Co., 128 Conn. 107 (1941) (“the time when the action is regarded as having been brought is the date of service of the writ upon the defendant”). Here, Gonzalez sustained his injuries on August 29, 2004, filed his complaint with this court on August 11, 2006, and moved to extend the time for serving the defendants on October 26, 2006. Thus, if Connecticut’s statute of limitations governs, this Court must dismiss Gonzalez’s complaint for failure to serve the defendants by August 29, 2006. If. however, Massachusetts’ three-year statute of limitations controls, this Court will not dismiss Gonzalez’s complaint.
In determining the applicable statute of limitations, Massachusetts courts follow the “functional approach" set forth in New England Telephone & Telegraph Co. v. Gourdeau Construction Co., Inc., 419 Mass. 658 (1995). In Gourdeau, the court adopted the provisions of the Restatement (Second) of Conflict of Laws, §142, as amended in 1988 (“Section 142’j. Id. at 661-64. Section 142 provides:
Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in §6.[2] In general, unless the exceptional circumstances of the case makes such a result unreasonable:
(1) The forum will apply its own statute of limitations barring the claim.
(2) The forum will apply its own statute of limitations permitting the claim unless:
(a) maintenance of the claim would serve no substantial interest of the forum: and
(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.
Under this standard, the court considers the choice of law question “not generally . . . but with particular reference to the statute of limitations,” and will bar a claim if it is “barred by the state which, with respect to the issue of limitations is the state of most significant relationship to the occurrence and to the parties under the principles stated in §6.”[3] Gourdeau, 419 Mass. at 663. The forum state “should not entertain a claim when doing so would not advance any local interest and would frustrate the policy of a state with a closer connection with the case and whose statute of limita *264 tions would bar the claim.” Id. at 661, quoting Restatement (Second) of Conflict of Laws, §142, comment g.
Gourcleau involved a contract dispute. Id. at 662. The underlying events took place in New Hampshire, and the contract provided that it was to be governed by New Hampshire law. Id. The parties’ principal places of business were in Massachusetts, the defendant was a Massachusetts corporation, and the contract had been executed in Massachusetts. Id. The court examined these facts under Section 142 and concluded that based on the parties’ ties to Massachusetts, as well as Massachusetts’ “expressed preference that contracts be enforceable within six years,” Massachusetts’ statute of limitations should apply. Id. at 663.
In Nierman v. Hyatt Corp., 441 Mass. 693 (2004), the plaintiffs, Massachusetts residents, brought a negligence complaint after sustaining injuries at the defendant’s hotel in Texas. Id. at 693. The defendant was a Delaware corporation with its principal place of business in Illinois, but it owned at least one hotel in Massachusetts and regularly solicited business in the state. Id. Applying the standards set forth in Gourdeau, the court determined that while Massachusetts had “a general interest in having its residents compensated for personal injuries suffered in another State," it had “no substantial interest that would be advanced by entertaining the plaintiffs’ claims.” Id. at 697. Texas, the court decided, had “closer connections to the issue”: The alleged negligence and injuries occurred there, the hotel was located in Texas and employed Texans, and the allegedly negligent employee presumably lived in Texas. Id. Therefore, the court concluded, Texas had “the dominant interest in having its own limitations statute enforced.” Id. at 698.
In Newburyport Five Cents Savings Bank v. MacDonald, 48 Mass.App.Ct. 904 (1999), the defendant, a Massachusetts resident, defaulted on promissory notes secured by commercial real estate in New Hampshire, and the plaintiff, a Massachusetts bank, foreclosed on the property. Id. at 904. The defendant challenged the action on the basis that it was barred by Massachusetts’ statute of limitations. Id. The court disagreed, holding that New Hampshire had the more significant relationship to the occurrence and parties: The foreclosure sale had been conducted under New Hampshire law, and the deficiency action involved the financing and purchase of New Hampshire property by New Hampshire trusts. Id. at 906. The court further held that “no substantial interest of Massachusetts would be adversely affected” by applying New Hampshire’s statute of limitations. Id.
In Kahn v. Royal Ins. Co., 429 Mass. 572 (1999), the plaintiffs, Massachusetts residents, sustained injuries in a car accident in Massachusetts and sought to recover underinsurance benefits from their insurer. Id. at 573. The plaintiffs’ vehicle had Florida license plates and was owned by the plaintiffs’ Florida-based car dealership, and they were insured by a Florida insurer under a Florida policy. Id. The court held that Florida’s statute of limitations was applicable because Florida had the more substantial interest in the timeliness of the action. Id. at 575. The court reasoned, “The [plaintiffs] elected ... to rely on an entirely Florida-based insurance transaction, thereby placing themselves outside the substantial interest of Massachusetts.” Id. The fact that the underlying tort occurred in Massachusetts “provide[d] Massachusetts no substantial interest in the insurance policy claim.” Id. at 574-75.
Here, the maintenance of Gonzalez’s claim would serve no substantial interest of Massachusetts under Section 142(2)(a). Although Gonzalez is a Massachusetts resident and DEC-TAM is a Massachusetts corporation, none of the other parties has a connection to the forum state: Johnson is a resident of Connecticut, Morris resides in New Hampshire, and Gonzalez’s children reside in the Dominican Republic. The accident occurred outside Massachusetts and the complaint does not allege violations of Massachusetts law. Massachusetts’ only interest in this action is the general interest in having its residents compensated for personal injuries, but as the court stated in Nier-man, this is insufficient to constitute a substantial interest under Section 142(2)(a). Connecticut, on the other hand, has a significant relationship to the parties and the occurrence, and it has a substantial interest in having its statute of limitations enforced. Like in Nierman, Gonzalez’s cause of action is based on occurrences in a foreign state. Like in MacDonald and Kahn, this action implicates the laws of a foreign state and has no bearing on Massachusetts law. This is a negligence claim arising out of alleged violations of Connecticut law. Connecticut has a substantial interest in enforcing its statute of limitations for negligence actions, and allowing the claim to go forward would frustrate this interest. Because Gonzalez failed to file his complaint within Connecticut’s two-year statute of limitations, this action must be dismissed.
ORDER
For the foregoing reasons, defendants Steven Johnson, DEC-TAM Corporation, and Michael Morris’s motion to dismiss is ALLOWED.

According to Gonzalez’s complaint, Johnson is a DEC-TAM supervisor and Morris is a DEC-TAM foreman.

Restatement (Second) of Conflicts of Law §6 (1971) sets forth choice of law principles: “(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law. (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states m the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainly, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.”

See footnote 2.