## FRANKLIN SHEPARD *vs.* JACOB SPAULDING.

A lessee who erects on the demised premises a building, which he has a right to re-
move, renounces that right by surrendering his leasehold interest to the lessor,
without reservation; and the right is not revived by his subsequently taking another
lease of the same premises, from the same lessor.

Where a lessee for years conveys his leasehold interest to his lessor, who is owner
of the fee, by an instrument in the form of the lease which he received from him,
the legal operation of such instrument is a surrender of the lease, and a merger of
the term.

THIS was an action by a deputy sheriff, to recover damages
of the defendant, for taking away and converting to his own use
a house which the plaintiff had attached as the personal property
of a third person.

The case was submitted to the court on the following facts :
Asher Danolds heretofore had a lease from Daniel Spaulding
of a certain mill privilege, saw mill &c. Said lease was similar
to the lease in the margin,* which was afterwards given of the
same premises, by said Daniel to the defendant. While said Dan-
olds was in possession under his lease, he erected a small house
on the demised premises, and by a similar lease afterwards recon-

---

* This indenture made and agreed on this 8th day of June 1837, between
Daniel Spaulding of Canaan, county of Litchfield, and State of Connecticut,
of the one part, and Jacob Spaulding of New Marlboro', county of Berkshire,
and State of Massachusetts, of the other part, witnesseth; that for and in con-
sideration to be hereafter mentioned, I, the said Daniel, have demised, granted,
and to letten, and do hereby demise, grant, and to let unto the said Jacob, his
heirs, executors, administrators, and assigns, a certain saw mill, with privileges
and appurtenances thereunto belonging, situated in the south part of New Marl-
boro' aforesaid; with the privilege of occupying, for the benefit of said mill,
twelve rods east, west, north, and south from said mill, with logs and lumber,
and the privilege of a dam across the stream, for the benefit of said saw mill;
and all privileges sufficient to carry on said mill; the privilege to continue so
long as a saw mill shall stand on said land, by building and repairing the same.

To have and to hold the said demised premises, with appurtenances, for and
during the time the said mill shall stand, by repairing and rebuilding the same;
whereas the consideration of this lease is fifty dollars, which I, the said Daniel,
have received to my full satisfaction.

In witness whereof, I, the said Daniel Spaulding, have hereunto set my hand
and seal, the day and year aforesaid.

Daniel Spaulding. (Seal.)

veyed to said Daniel Spaulding, his lessor, who remained in possession some years, and then, by the lease in the margin, conveyed to the defendant, who afterwards conveyed, by a similar lease, to said Danolds. This last lease was never recorded. The defendant took a mortgage to secure the consideration money of this last lease to Danolds, which mortgage was recorded in the registry of deeds, after the attachment hereinafter stated. Danolds went into possession of the premises, and while he was in possession, John Elmore jr. sued out a writ against him, on which the plaintiff, as deputy sheriff, on the 18th of March 1839, attached the house above mentioned, as the property of said Danolds ; which attachment was recorded in the clerk's office of the town of New Marlborough, on the 21st of the same March. After this attachment was made, Danolds reconveyed said property to the defendant, and the reconveyance was placed on record in the registry of deeds, before any return or registry of said attachment in the office of the clerk of the court, but subsequently to the said registry in the town clerk's office. The defendant took possession, and afterwards sold the premises to George Smith, reserving the said house, &c., and subsequently took and appropriated the house to his own use. Said Elmore recovered judgment, in his suit against said Danolds, in which the house was attached, and the plaintiff demanded the house of the defendant, within thirty days after said judgment was rendered.

On these facts, the parties agreed that judgment should be rendered for the plaintiff, or that he should become nonsuit, according to the direction of the court.

*Sumner*, for the plaintiff.

*Porter*, for the defendant.

SHAW, C. J. It is somewhat difficult to understand the facts of this case. The house which the plaintiff claims, as having attached the same as the personal property of Danolds, the builder, seems to be a dwellinghouse. If it was a permanent dwellinghouse, built in the usual way, by a tenant for years, it would seem to be an essential part of the freehold, and could not be removed, even by a tenant, during or at the expi-

ration of his term, under the liberal rules adopted in modern times in favor of tenants. But we presume from the circumstances, that it was a small wooden house, standing on blocks, capable of being removed. Supposing the tenant had a right to remove it during his term, the court are of opinion that he renounced his right to do so, by the surrender of his lease to the landlord, without reservation. This surrender, as we are to presume, was made for a valuable consideration.

Daniel Spaulding was the owner of the soil. He leased the mill and mill privilege, with a small tract of land, to Danolds, for an indefinite time, during which Danolds erected the house, and afterwards, for a valuable consideration, surrendered his lease ; for though the words are that he " reconveyed " the premises to his lessor, by a lease similar to that under which he held them, the legal effect was a surrender of the lease and a merger of the term. The conveyance, by a lessee for years of all his leasehold interest to the lessor and owner in fee, is, in legal operation, a surrender. The term for years merges in the larger estate, which thus becomes absolute. Cruise's Digest, Tit. 8, c. 2, §§ 23, 30. By this surrender, the house erected by the tenant, and conveyed without reservation, became permanently annexed to the freehold, as effectually as if it had been built by the owner of the soil. When he made a new lease, it was a demise of the whole estate, including the building ; and although, through mesne assignments, the same term came to Danolds, it gave him no right in the building, as personal property ; nor did it revive a right which he once might have had, and which he had legally parted with. The attachment of the house, therefore, as the personal property of Danolds, was void.

*Plaintiff nonsuit.*