Billings, A.J.
This case arises out of a construction accident in New Jersey. The defendant has filed a motion to dismiss the action as barred by that state’s statute of limitations. The plaintiffs oppose on the ground that Massachusetts’ longer statute of limitations applies. They have submitted materials outside the Complaint (chiefly, papers filed by the defendant in the parties’ earlier litigation in the New Jersey *655 courts arising out of the same accident) that supply some undisputed background facts. I have considered these, and therefore treat the defendant’s motion as one for summary judgment. For the reasons that follow, the motion is DENIED.
FACTS
Plaintiff Gary Ristaino, a resident of New Jersey, alleges that he was employed by the company which contracted to perform electrical work on improvements to the Newark City Subway, operated by the New Jersey Transit Corp. He was working on the project on June 20, 2000 in Bloomfield, New Jersey, when his hand became entangled in a winch, seriously injuring him. The defendant (“Bates”) was the seller of the winch and its control mechanism, having supplied and installed them on a truck which was, on the day of the accident, being used on the project.
Bates, a Massachusetts corporation, is in the business of building platform bodies for trucks and installing various kinds of hydraulic equipment on them. Its only facility is in Hopedale, Massachusetts. It advertises in nationally circulated trade publications, but its salesmen call on prospects'only in Massachusetts, Rhode Island, New Hampshire, Vermont, southern Maine, upstate New York, and parts of Connecticut; never in New Jersey.
Bates purchased the particular winch in question directly from the manufacturer, a company called PACCAR and located in Oklahoma. Bates installed it in 1998 onto a 1990 Ford truck owned by Mass. Electric Corporation. Mass. Electric is headquartered in Boston. All communications between it and Bates, and all of Bates’s installation work, were conducted within Massachusetts. Then, Bates delivered the truck to Mass. Electric in Boston. Bates had no other involvement with the truck or with the New Jersey construction project on which Mr. Ristaino was injured. How the truck found its way to New Jersey, and whether or not it was still owned by Mass. Electric at the time of the accident, is not apparent from the record.
Almost two years after the accident, the plaintiffs brought suit in the New Jersey courts, naming various defendants including Bates. Bates defended on the ground that it lacked minimum contacts with New Jersey, and so was not subject to suit there. The plaintiffs were sufficiently persuaded that they agreed to dismiss their complaint against Bates, without prejudice to its reinstatement should facts develop supporting the New Jersey courts’ exercise of jurisdiction over it. In due course, a New Jersey judge was persuaded as well, and dismissed a number of third-party claims asserted against Bates by the other defendants.
Following the dismissal and almost three years after the accident, the plaintiffs filed this action. Bates now moves to dismiss on the ground that while the action would have been timely under Massachusetts’ three-year statute of limitations for tort actions, G.L.c. 260, §2A, it is untimely under New Jersey’s two-year statute of limitations, N.J.Stat. §2A:14-2, which Bates contends applies.
DISCUSSION
The choice-of-law question presented by Bates’s motion turns on the proper application of the “functional” approach laid down in New England Tel. & Tel. Co. v. Gourdeau Constr. Co., 419 Mass. 658 (1995). In Gourdeau, the SJC abandoned the longstanding rule that treated the statute of limitations as a procedural matter to which the forum’s law ineluctably applied. Henceforth, “(o]ur focus should be on which State has the most significant relationship to the occurrence and to the parties with respect to the issue of limitations.” 419 Mass, at 661, citing Restatement (Second) of Conflict of Laws §142 comment e (Supp.1989).
Gourdeau suggests, and the court’s subsequent decision in Kahn v. Royal Ins. Co., 429 Mass. 572, 574 & n.2 (1999), makes explicit, that Massachusetts law on this issue is now as more fully set forth in Section 142 of the Restatement (Second) of Conflict of Laws (Supp.1989), as amended in 1988. That section provides, in its entirely, as follows:
Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in §6.[1] In general, unless the exceptional circumstances of the case make such a result unreasonable:
(1) The forum will apply its own statute of limitations barring the claim.
(2) The forum will apply its own statute of limitations permitting the claim unless:
(a) maintenance of the claim would serve no substantial interest of the forum; and
(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.
On one level, Massachusetts might be thought to have no very substantial interest in allowing the present action to proceed. No Massachusetts resident stands to be recompensed for his injuries. A Massachusetts resident and employer may someday, however, be faced with a judgment in favor of a non-Massachusetts resident. Between now and then, the Massachusetts defendant will expend some litigation costs, and the Massachusetts courts will expend some of their already scarce resources, in the adjudication of the claim.
The law is not, however, so xenophobic as this. The forum state has an interest in seeing not only that its residents who are injured through the wrongs of others receive just compensation, but also “that its resident defendant ... be held accountable for [its] conduct, which took place in Massachusetts, and *656 which allegedly caused . . . [the plaintiffs] injury.” Dasha v. Adelman, 45 Mass. 418, 426-27 (1998), quoting Cosme v. Whitin Mach. Works, Inc., 417 Mass. 643, 649 (1994).
Moreover, the case is only in the Massachusetts courts in the first place because a Massachusetts defendant stood on its undoubted right not to be sued in a foreign jurisdiction with which it lacked the minimum, constitutionally required contacts. Accepting that the plaintiffs are entitled to some forum, then, a Massachusetts domiciliary has effectively elected the forum which it deemed, at the time, to be more the convenient to it.[2] Viewed in this light, maintenance of the action in Massachusetts, rather than in New Jersey, would seem to serve Massachusetts’ interest in providing a forum for persons injured by conduct, and parties, located here, while sparing its domiciliarles whatever inconvenience is still — in the age of telecommunication, jet travel, and Super Saver fares — attendant on litigation in the courts of a sister state. It cannot be said, therefore, that “maintenance of the claim would serve no substantial interest of the forum.”
Nor is it even clear, when the case is brought forward (as here) as a one-on-one dispute between the Ristainos and Bates, that New Jersey has the “more significant relationship to the parties and the occurrence.” The Complaint asserts claims for negligence, failure to warn, breach of warranty, and loss of consortium. It alleges, among other things, that Bates “supplied and installed the hydraulic winch and control mechanisms” on the truck, and that it
was negligent in failing to install, maintain and use protective devices and safeguards on the winch and control mechanisms and in failing to adequately warn of the dangers inherent to the operation of said winch and control mechanisms.
Bates’ conduct, in other words — not merely its status as a seller situated somewhere in the stream of commerce — is in issue, and all of that conduct, as Bates vigorously and successfully argued to the New Jersey court, took place in Massachusetts.
For all of these reasons, the “functional approach” argues for applying Massachusetts’ three-year statute of limitations embodied in G.L.c. 260, §2A. What ramifications (if any) this ruling may have on such other choice-of-law issues as may arise in the case is for another day.
ORDER
For the foregoing reasons, the defendant’s Motion to Dismiss is DENIED.

 Section 6 sets forth a list of broadly-expressed concerns that are to be applied, in the absence of a statutory directive, to choice-of-law issues generally. These include such factors as the relevant policies of the forum and of other interested states; protection of justified expectations; “certainty, predictability, and uniformity of result”; and the ease of determining and applying foreign law.

There are indications in Bates’ brief that it may now be re-thinking the relative convenience of the New Jersey and Massachusetts fora. Observing that the accident scene, witnesses, and physical evidence are located in New Jersey, which fact will require Bates and its counsel “to make frequent trips to New Jersey, each time incurring significant expense,” Bates concludes:
Allowing this case to be litigated in Massachusetts would place a heavy and unfair burden on D.C. Bates and would seriously impair their ability to mount a proper defense. This case should be litigated in a New Jersey courtroom
The present motion, of course, concerns only choice of law, not choice of courtroom; the latter choice has been made already, by Bates itself.