SYLVIA NIERMAN & another[1] *vs.* HYATT CORPORATION.[2]

No. 02-P-475.

Middlesex. June 10, 2003. - November 7, 2003.

Present: BECK, DREBEN, & COHEN, JJ.

Further appellate review granted, 440 Mass. 1108 (2003).

*Limitations, Statute of. Practice, Civil,* Statute of limitations. *Conflict of Laws.*

This court concluded that the plaintiffs' personal injury action was governed by the three-year Massachusetts statute of limitations rather than the two-year Texas statute of limitations, where Massachusetts had a substantial interest in the maintenance of the plaintiffs' claims, and where, because the defendant was not exclusively, or even principally, based in Texas, the defendant did not fall within the ambit of any protection that Texas might wish to afford to local defendants from the prosecution of what Texas, but not Massachusetts, perceived to be stale claims. [845-849]

CIVIL ACTION commenced in the Newton Division of the District Court Department on January 15, 1997.

The case was heard by *Joseph M. Walker, III,* J., on a motion for summary judgment.

*Harold W. Potter, Jr.,* for the plaintiffs.

*Brett J. Harpster* for the defendants.

COHEN, J. The sole question presented by this appeal is whether the plaintiffs' personal injury action is governed by the two-year Texas statute of limitations[3] or the three-year Massachusetts statute of limitations.[4] A judge of the District Court applied the Texas statute and granted the defendants' motion for summary judgment on the ground that the plaintiffs' lawsuit was untimely. The Appellate Division affirmed. We reverse,

---

[1]Edward Nierman.

[2]Doing business as Hyatt Regency DFW and Hyatt Hotels and Resorts.

[3]Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (2002) (as in effect January, 1994).

[4]G. L. c. 260, § 2A.

concluding that a proper application of functional analysis to this choice of law question dictates that the Massachusetts statute of limitations be applied.

1. *Facts.* The operative facts are relatively few and uncontested. The plaintiffs, Sylvia and Edward Nierman, a married couple residing in Massachusetts, arranged through a Massachusetts travel agent to spend two nights during January, 1994, in the defendant's Hyatt Regency hotel at the Dallas-Fort Worth Airport. On the first day of their stay, the plaintiffs were offered a ride to another part of the hotel in a transport cart operated by a hotel employee. The plaintiffs allege that as Sylvia was climbing into the cart, the driver accelerated, causing Sylvia to be thrown to the ground and injured.

On the third anniversary of the accident (just barely within the Massachusetts limitations period) the plaintiffs filed suit against Hyatt Corporation (Hyatt) in the Newton District Court, seeking damages for Sylvia's injuries and Edward's loss of consortium. Hyatt is organized under the laws of Delaware, maintains a principal place of business in Chicago, Illinois, and conducts operations throughout the world. In Massachusetts, Hyatt manages local hotel facilities and solicits business though its worldwide reservation system. Personal jurisdiction is not at issue.

2. *Discussion.* Our analysis of this case is controlled by the principles articulated in *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co.*, 419 Mass. 658 (1995). In *Gourdeau*, the Supreme Judicial Court adopted a functional approach to deciding choice of law questions involving conflicting statutes of limitations. *Id.* at 663-664. In so doing, the court abandoned the traditional view that the issue of limitations was procedural, relating to the remedy and not the right, and hence automatically governed by the law of the forum. *Id.* at 660, 664. See *Wilcox* v. *Riverside Park Enterprises, Inc.*, 21 Mass. App. Ct. 419, 421 (1986), *S.C.*, 399 Mass. 533 (1987).

More precisely, *Gourdeau, supra*, adopted the functional approach set forth in the Restatement (Second) of Conflict of Laws § 142 (Supp. 1989). See *Kahn* v. *Royal Ins. Co.*, 429 Mass. 572, 572-573 (1999). Section 142 of the Restatement states:

"Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:

"(1) The forum will apply its own statute of limitations barring the claim.

"(2) The forum will apply its own statute of limitations permitting the claim unless:

"(a) maintenance of the claim would serve no substantial interest of the forum; and

"(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence."

As *Gourdeau* explained, § 142 first provides that the general principles of the Restatement, i.e., those enumerated in Restatement (Second) of Conflict of Laws § 6 (1971),[5] are applicable when selecting among conflicting statutes of limitations. *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co., supra* at 664 n.6. Section 142 then specifies the way in which these principles "will be implemented in almost all instances." *Ibid.* In a situation such as the one presented, where the forum's statute of limitations would permit the claim to go forward, the forum's

---

[5]These are: "(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law. "(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

"(a) the needs of the interstate and international systems,

"(b) the relevant policies of the forum,

"(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

"(d) the protection of justified expectations,

"(e) the basic policies underlying the particular field of law,

"(f) certainty, predictability and uniformity of result, and

"(g) ease in the determination and application of the law to be applied."

Restatement (Second) of Conflict of Laws § 6 (1971).

law is to apply unless both of two distinct conditions are met: first, that the forum has "no substantial interest" in maintenance of the claim, § 142(2)(a), and second, that the claim would be barred by a State having a more significant relationship to the parties and the occurrence, § 142(2)(b). As *Gourdeau* observed, if the forum has a substantial interest, it is not necessary to reach the question presented by § 142(2)(b), under which the State with the more significant relationship to the parties and the occurrence must be determined. *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co., supra* at 664 n.6.

Because the forum State may have a substantial interest in maintaining a claim even though another State has a more significant relationship to the parties and the occurrence, § 142(2) envisions that sometimes the forum will apply its own, longer statute of limitations permitting a claim to go forward, even though another State's law will be selected to govern other issues in the case because of that State's greater concern with the underlying dispute. See Restatement (Second) Conflict of Laws § 142 comment g (Supp. 1989). For example, although the Restatement generally favors the application of the law of the State of injury to determine the rights and liabilities of the parties in personal injury actions, see Restatement (Second) of Conflict of Laws § 146 (1971),[6] that preference does not extend to the issue of limitations in personal injury actions. Instead, the specific rules set forth in § 142(2) contemplate that in some cases it will be more appropriate to apply the forum's statute of limitations, even if the forum State is not the place of injury.

Such a result is neither anomalous nor inconsistent with interest-based, functional analysis, because the policies

---

[6]Section 146 provides: "In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." For a case where the usual rule was overcome, see *Cosme* v. *Whitin Mach. Works, Inc.,* 417 Mass. 643, 649 (1994), concluding, under the principles of § 146, that the product liability statute of repose of Connecticut, the State of injury, would not be applied to the claim of a Massachusetts plaintiff against a Massachusetts defendant because Massachusetts had a greater interest than Connecticut in seeing its policies enforced.

expressed by statutes of limitations are distinct from those expressed in rules of law that are designed to regulate conduct. See generally, Cross, The Conduct-Regulating Exception in Modern United States Choice-of-Law, 36 Creighton L. Rev. 425, 473 (2003). The purpose of statutes of limitations is to protect defendants and local courts from the prosecution of claims that are stale, while nevertheless providing an adequate opportunity for plaintiffs to bring their actions. "The exact point in time at which an action is barred represents a compromise between the desire to protect the defendant and the judiciary and the desire to afford the plaintiff a reasonable time in which to bring an action." Milhollin, Interest Analysis and Conflicts Between Statutes of Limitation, 27 Hastings L.J. 1, 11 (1975). The contours of that compromise are also fleshed out in tolling provisions and "borrowing" statutes.[7]

When it is the forum that has the longer statute of limitations permitting the claim to go forward, systemic concerns are no longer an issue, since, from the perspective of the forum State, the claim is not too stale to be fairly adjudicated. Instead, whether the forum has a substantial interest in applying its own longer statute of limitations will turn primarily on the strength of its concern with affording the plaintiff an opportunity to seek a remedy in circumstances where the defendant would be protected from suit elsewhere.

In the present case, Massachusetts has a substantial interest in the maintenance of the plaintiffs' claims. The plaintiffs are not out-of-State forum shoppers; they are Massachusetts residents, and the impact of their injuries will be felt in this State. Massachusetts has an interest in providing an opportunity for resident plaintiffs to seek compensation for personal injuries. Moreover, although Hyatt is not a citizen of Massachusetts, it has an ongoing, significant business presence here of the same

---

[7]As observed in *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co.*, 419 Mass. at 663, the Massachusetts "borrowing" provision contained in G. L. c. 260, § 9, is a narrow one, evidencing a policy favoring the application of the Massachusetts statute of limitations when the claim is asserted against a "resident" defendant. See *Wilcox* v. *Riverside Park Enterprises, Inc.*, 399 Mass. 533, 534 & n.3 (1987) (for purposes of borrowing provision, defendant is considered resident of Massachusetts if he has been subject to service of process in Commonwealth at all relevant times).

noncitizen character as its business presence in Texas. For that reason, the interest of Massachusetts in affording a forum to its resident plaintiffs is not undercut by any interest Massachusetts may have in maintaining comity with a sister State. Because Hyatt is not exclusively, or even principally, based in Texas, it does not fall within the ambit of any protection that Texas may wish to afford to local defendants from the prosecution of what Texas, but not Massachusetts, perceives to be stale claims. Cf. *Cosme* v. *Whitin Mach. Works, Inc.*, 417 Mass. 643, 648-649 (1994). By allowing the claim to go forward, Massachusetts can advance its interest in providing its citizens with an opportunity to maintain their action without offending Texas policy concerns.

That is not to say that in every case when a Massachusetts resident files suit in our local courts the Massachusetts statute of limitations invariably will apply. For example, as illustrated by *Kahn* v. *Royal Ins. Co.*, 429 Mass. at 574-575, there may be cases where Massachusetts plaintiffs purposefully have placed themselves outside the substantial interest of the Commonwealth in the enforcement of their claims.[8] Because each case will turn on its own constellation of facts, Massachusetts residents with claims of a multi-State character would be well advised to take account of all potentially applicable statutes of limitations and to err on the side of caution when filing suit.[9]

3. *Conclusion.* The judgment for Hyatt is reversed, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

---

[8]*Kahn* v. *Royal Ins. Co.*, 429 Mass. at 574-575, involved Massachusetts residents who elected, through a corporation of which they were principals, to register and insure in Florida a motor vehicle which they used and garaged in Massachusetts. Their contract action seeking underinsured motorist benefits under their Florida insurance policy was held governed by an expired Florida statute of limitations rather than the unexpired Massachusetts statute. *Id.* at 575. The plaintiffs' purposeful choice to rely upon an entirely Florida-based insurance transaction was essential to the court's decision that Massachusetts had no substantial interest in entertaining their claim. *Ibid.*

[9]Prudent parties also will give careful thought to the ramifications of other potentially applicable constraints on the litigation of multi-State claims, such as the law of personal jurisdiction and the doctrine of forum non conveniens.