SYLVIA NIERMAN & another[1] vs. HYATT CORPORATION.[2]

Middlesex. April 8, 2004. - May 14, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & SOSMAN, JJ.

*Limitations, Statute of. Practice, Civil,* Statute of limitations. *Conflict of Laws.*

In a negligence action brought by Massachusetts plaintiffs against a Delaware
    corporation with its principal place of business in Illinois, based on events
    that took place in Texas, this court concluded that the Texas statute of
    limitations, which barred the plaintiffs' action, controlled, where
    maintenance of the claim would serve no substantial interest of Mas-
    sachusetts, and where Texas had a more significant relationship to the par-
    ties and the occurrence. [694-698]

CIVIL ACTION commenced in the Newton Division of the District Court Department on January 15, 1997.

The case was heard by *Joseph M. Walker, III*, J., on a motion for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Mark W. Shaughnessy (Joel D. Hillygus* with him) for the defendant.

*Harold W. Potter, Jr.*, for the plaintiffs.

GREANEY, J. This is a negligence action brought by Massachusetts plaintiffs against a Delaware corporation with its principal place of business in Illinois, based on events that took place in Texas. The plaintiffs, Sylvia and Edward Nierman, seek damages for injuries allegedly sustained on January 15, 1994, in an accident at the defendant corporation's (Hyatt's) Hyatt Regency Hotel at the Dallas-Fort Worth airport (Hyatt Regency DFW). On January 15, 1997, three years to the day after the alleged accident, the Niermans filed a complaint in the Newton Division of the District Court Department seeking damages for

---

[1]Edward Nierman.

[2]Doing business as Hyatt Regency DFW and Hyatt Hotels and Resorts.

negligence and loss of consortium. Hyatt's amended answer raised the defense that the two-year Texas statute of limitations barred the claim, and the judge granted summary judgment on that ground in favor of Hyatt. The Appellate Division affirmed the judgment. The Appeals Court concluded that the claim was controlled by the three-year statute of limitations of Massachusetts and reversed the order allowing summary judgment. See *Nierman* v. *Hyatt Corp.*, 59 Mass. App. Ct. 844, 849 (2003). This court granted Hyatt's application for further appellate review, and for reasons that follow, we now affirm the judgment.

We recite the operative facts. See *McGuinness* v. *Cotter*, 412 Mass. 617, 620 (1992); *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371, cert. denied sub nom. *Bailey* v. *Bellotti*, 459 U.S. 970 (1982). The Niermans, a married couple residing in Newton, made reservations through travel agents in Framingham to stay at the Hyatt Regency DFW on January 15 and 16, 1994. On the first day of their stay, Mrs. Nierman suffered injuries when she was knocked to the ground while climbing aboard a transport cart on the concourse connecting the hotel's east and west towers. The Niermans assert that the operator of the transport cart, a Hyatt employee, negligently accelerated the cart without first ensuring that Mrs. Nierman was seated safely. Mr. Nierman claims loss of companionship, society, and support as a result of the incident. Hyatt is organized under the laws of Delaware and has a principal place of business in Chicago, Illinois. Hyatt manages at least one hotel in Massachusetts, the Hyatt Regency Cambridge. The complaint also asserts (and we accept as true for purposes of this opinion), that Hyatt regularly solicits business in Massachusetts through a "worldwide reservation system."[3]

The Niermans' claims would be barred by the Texas two-year statute of limitations applicable to negligence actions, Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2002) (as in effect January; 1994), but not by the Massachusetts three-year statute of limitations. See G. L. c. 260, § 2A. The parties agree that the substantive laws of Texas on negligence will apply should the Niermans' claims be allowed to proceed. The sole issue before

---

[3]According to Hyatt, the Hyatt Regency Cambridge is managed on behalf of an ownership group that is separate from the Hyatt Regency DFW.

us is whether the Massachusetts or the Texas limitations statute controls the claims.[4]

In *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co.*, 419 Mass. 658, 664 (1995), this court departed from the traditional rule of law that characterized limitations statutes as procedural and automatically applied the statute of limitations of the forum State. See *Cosme* v. *Whitin Mach. Works, Inc.*, 417 Mass. 643, 645 (1994). We adopted instead a functional approach that treats the issue as a choice of law question, as stated in the Restatement (Second) of Conflict of Laws § 142 (Supp. 1989), and set forth below.[5] See *id.* at 663-664. Section 142, as amended, states that, under choice of law principles set forth in § 6,[6] the forum State generally will apply its own statute of limitations to

---

[4]No one in this case asserts that the limitations statutes of either Delaware or Illinois apply to the Niermans' claims. Both statutes provide a two-year period within which a personal injury action must be commenced and, thus, would bar the Niermans' claim. See Del. Code Ann. tit. 10, § 8119 (1999); 735 Ill. Comp. Stat. 5/13-202 (West 2003).

[5]Section 142 of the Restatement (Second) of Conflict of Laws (Supp. 1989), as amended in 1988, provides:

> "Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:

> "(1) The forum will apply its own statute of limitations barring the claim.

> "(2) The forum will apply its own statute of limitations permitting the claim unless: (a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence."

[6]Section 6 of the Restatement (Second) of Conflict of Laws (1971), entitled "Choice-of-Law Principles," provides in part:

> "[T]he factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied."

permit a claim unless: "(a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." The *Gourdeau* decision recognized that this language supports the proposition that "the forum should not entertain a claim when doing so would not advance any local interest and would frustrate the policy of a state with a closer connection with the case and whose statute of limitations would bar the case." *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co., supra* at 661, quoting Restatement (Second) of Conflict of Laws, *supra* at § 142 comment g. Stated in affirmative terms, a forum should apply its own statute of limitations permitting the claim if it "would advance a substantial forum interest and would not seriously impinge upon the interests of other states." Restatement (Second) of Conflict of Laws, *supra.*

The Appeals Court reasoned, essentially, that, because the Niermans are residents of this State, Massachusetts has a substantial interest in the maintenance of their claims. See *Nierman* v. *Hyatt Corp., supra* at 848. Moreover, because Hyatt is not based in Texas, the Appeals Court assumed that Texas has no countervailing interest at stake. See *id.* at 849. The court's resolution of the issue is appealing for its simplicity but fails to engage in the proper choice of law analysis under principles stated in § 142.[7] See *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co., supra.* Specifically, we must consider (1) whether Massachusetts has a substantial interest in permitting the claims to go forward and (2) whether Texas has a more significant relationship to the parties and the negligence claim. The two criteria are necessarily related and should be evaluated "with some sensitivity" to one another, *Stanley* v. *CF-VH Assocs., Inc.,* 956 F. Supp. 55, 59 (D. Mass. 1997), focusing "on the statute of limitations issue, and not on the underlying tort."

---

[7]If the nexus that established personal jurisdiction over the parties alone sufficed to create the substantial interest necessary for application of the forum State's statute of limitations, the conflict of laws analysis would be an empty ritual. The automatic application of the forum State's statute of limitations was precisely what we rejected in *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co.,* 419 Mass. 658, 664 (1995).

*Kahn* v. *Royal Ins. Co.*, 429 Mass. 572, 574 (1999). See *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co.*, *supra*.

We begin by noting that the more significant relationship test points clearly toward use of the Texas limitations statute. All of the events constituting the alleged negligence took place in Texas, and Texas is where the alleged injuries were suffered. Hyatt, although not a Texas corporation, operates a business there and employs Texans. The operator of the transport cart, presumably, lives in Texas. Although the Niermans are Massachusetts residents, they had traveled to Texas when the alleged accident occurred. The fact that their travel reservations were booked through Massachusetts travel agents carries no weight in our analysis, because that contact has no apparent bearing on any issue in the case, let alone the limitations issue. See Restatement (Second) of Conflict of Laws, *supra* at § 142 comment e (emerging trend is to bar claim if barred by "the state which, *with respect to the issue of limitations*, is the state of most significant relationship to the occurrence and to the parties stated in § 6" [emphasis supplied]).

We next consider whether, regardless that Texas is the State with the closer connections to the issue, Massachusetts has any substantial interest that would be advanced by entertaining the Niermans' claims. We conclude that it does not. Massachusetts has a general interest in having its residents compensated for personal injuries suffered in another State. It cannot be said, however, that its interest in the timeliness of such an action is more compelling than that of Texas. See *Kahn* v. *Royal Ins. Co.*, *supra* at 574-575 (Massachusetts had no substantial interest in Florida insurance policy claim, even though accident occurred in Massachusetts and plaintiffs were Massachusetts residents). See also Restatement (Second) of Conflict of Laws, *supra* at § 142 comment g (claim generally should not be maintained when some forum interest would be served, but at the expense of the State with closer connection with the case). The Texas Legislature has prescribed a two-year period within which the Niermans could have commenced this action. This time frame reflects its judgment as to the proper balance

between the need of its citizens to redress injuries and their right to be protected from protracted exposure to liability.[8] Hyatt has a place of business in Texas, and all of the acts and events that gave rise to this litigation occurred there. Texas has the dominant interest in having its own limitations statute enforced.[9] We conclude that the Texas statute of limitations is the appropriate one to apply in this case.

*Judgment affirmed.*

---

[8]A corresponding interest advanced by a statute of limitations, the protection of local courts against the prosecution of stale claims, is not at stake here.

[9]In a hypothetical set forth in comment g of § 142 of the Restatement, an accident in State Y involves domiciliaries of State X and State Z, and an ensuing negligence claim that would be barred by the Y limitations statute but not by the X or Z statutes. The Restatement text suggests that it would be appropriate for a court of either X or Z to entertain the claim. The hypothetical does not resemble the facts of this case, however, because, as has been noted, see note 4, *supra*, the limitations statutes of both Delaware and Illinois would bar the Niermans' claims. More to the point is a subsequent comment g illustration in which the domicil of the plaintiff is the forum State and that of the defendant is in the State with the most significant relationship to important issues in the case. In that situation, the comment directs, "the forum should entertain the claim only in extreme and unusual circumstances." Restatement (Second) of Conflicts of Laws, *supra* at § 142 comment g.