Hines, J.
Introduction
The plaintiffs Steven Mezinger and Maiy Sue Mezinger brought this action seeking damages for injuries sustained in a motor vehicle accident caused by the defendant Mark Chrisos’ negligence. Defendant Chrisos filed a motion to dismiss alleging that the applicable statute of limitations bars this action. In a margin order, I denied the motion. Defendant Chrisos has filed a motion for reconsideration based on the Supreme Judicial Court’s decision in Nierman v. Hyatt Corp., 441 Mass. 693 (2004). For the reasons described below, the motion for reconsideration is allowed and an order shall enter granting the defendant’s motion to dismiss.
DISCUSSION
In the previous order, I denied the motion to dismiss based on the interpretation of Section 142 of the Restatement (Second) of Conflict of Laws as set forth in Nierman v. Hyatt Corp., 59 Mass.App.Ct. 844 (2003). Under that interpretation, I understood the law to be that a state would apply its own statute of limitations permitting a claim to go forward unless “(a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.” Because the defendants are all connected to Massachusetts by reason of residence or business interests, I concluded that the defendant did not meet the first prong of the Restatement test and that the Massachusetts statute of limitations allowing the action to go forward should be applied.
In his motion for reconsideration, Chrisos points out that the Supreme Judicial Court’s decision in Nierman, 441 Mass. at 696, requires an analysis of both prongs of the Restatement test. More specifically, the Court declared that “a forum should apply its own statute of limitations permitting a claim if it would advance a substantial forum interest and would not seriously impinge upon the interests of other states.” Id. at 696 (emphasis supplied). In this analysis, a court is obliged to weigh the competing interests and consider which state has the more significant relationship to the parties and the claim.
Focusing anew on the issues, I am compelled to agree with the defendant that the Ohio statute of limitations must be applied. Ohio has the most significant connections to the parties and the claims: the accident occurred in Ohio and the plaintiffs are residents of Ohio. Though the defendants are all connected to Massachusetts by residence or business interests, it is difficult to discern any substantial interest that Massachusetts might advance by allowing an otherwise time-barred claim to proceed in *395 Massachusetts courts. See Nierman, 441 Mass. at 697 (court declared that the “general interest in having Massachusetts residents compensated for personal injuries suffered in another state” is not a substantial interest). Whatever the nature of any interest Massachusetts might claim, it does not trump Ohio’s more substantial interest in regulating the filing of legal actions brought by Ohio residents or involving conduct occurring within Ohio.
ORDER
For the reasons set forth above, defendant Chrisos’ motion to dismiss is ALLOWED.