46 A.3d 586

JEREMY S. PITCOCK, PLAINTIFF–APPELLANT, v. KASOWITZ, BENSON, TORRES & FRIEDMAN, L.L.P., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 5, 2012—Decided June 25, 2012.

Before Judges PARRILLO, ALVAREZ and SKILLMAN.

*Geisa Balla* (*Balestriere Fariello*) and *John G. Balestriere* (*Balestriere Fariello*) of the New York bar, admitted pro hac vice, attorneys for appellant (*Mr. Balestriere,* on the brief).

*Kasowitz, Benson, Torres & Friedman, L.L.P.,* respondent pro se (*Brian S. Kaplan,* on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D. (retired and temporarily assigned on recall).

The issue presented by this appeal is whether the applicable New Jersey or New York statute of limitations governs an action for malicious use of process based on a lawsuit filed in New York that arose out of a dispute centered in New York. We conclude that under the "most significant relationship" test that now controls the resolution of choice-of-law questions in tort actions, New York's one-year limitations period for filing such a claim requires the dismissal of this action.

I.

Defendant Kasowitz, Benson, Torres & Friedman, L.L.P. (the Firm) is a New York law firm with a satellite office in Newark. Plaintiff was a partner in the Firm's New York City office who served as the head of its Intellectual Property Department.

In December 2007, the Firm terminated plaintiff based on his alleged sexual harassment of female employees in its New York City office.

Plaintiff filed an action in July 2008 in the Supreme Court of New York, New York County, claiming that the Firm had defamed him by circulating false statements concerning the reasons for his termination. Shortly thereafter, the Firm filed a separate action against plaintiff, also in the Supreme Court of New York, New York County, asserting claims for breach of contract and fiduciary duty, based on plaintiff's alleged improper conduct while a partner. The trial court consolidated these actions.

On October 1, 2009, the Supreme Court of New York, New York County, issued a written decision and order dismissing both actions. Plaintiff's action was dismissed primarily on the ground

that he admitted to having engaged in some of the sexually harassing conduct which formed the basis for the Firm's alleged defamatory statements about him. The Firm's action was dismissed primarily on the ground that it failed to allege any actual damages as a result of plaintiff's alleged improper conduct while a partner.

On June 17, 2010, the Supreme Court of New York, Appellate Division, First Department, affirmed the dismissal of both actions.

Shortly before the dismissal of his first action, plaintiff filed a second action against the Firm in the Supreme Court of New York, New York County, which he amended during the pendency of the appeal from the dismissal of the first action to include claims based not only on his termination but also the Firm's prior action against him. On May 28, 2010, the court dismissed this action on res judicata and other grounds. On January 6, 2011, the Supreme Court of New York, Appellate Division, First Department, affirmed that dismissal.

Shortly after the dismissal of his second action in the Supreme Court of New York, plaintiff filed this action in New Jersey for malicious prosecution,[1] which was based on the July 2008 action filed by the Firm that the Supreme Court of New York had dismissed on October 1, 2009. When plaintiff filed this action, New York's one-year limitation period for filing an action for malicious prosecution or abuse of process had already expired. *See N.Y.C.P.L.R.* § 215 (2012). However, this action would not have been time-barred under New Jersey law. *See N.J.S.A.* 2A:14–1.

The Firm moved to dismiss this action on the ground that it was barred by the New York statute of limitations, res judicata and

---

[1] In this State, a tort action based on the alleged malicious filing of civil litigation is called "malicious use of process." *See LoBiondo v. Schwartz*, 199 *N.J.* 62, 89–91, 970 *A.2d* 1007 (2009); *see also Tedards v. Auty*, 232 *N.J.Super.* 541, 549–50, 557 *A.2d* 1030 (App.Div.1989). We will use this term for the remainder of the opinion.

the entire controversy doctrine, or in the alternative, that plaintiff's complaint failed to state a cause of action for malicious use of process. The trial court concluded in a written opinion that under choice-of-law principles, the New York one-year limitation period applied to the action, and because it was undisputed that plaintiff's complaint had been filed after expiration of that period, the court dismissed the action. The dismissal based on the New York statute of limitations made it unnecessary for the court to consider the Firm's other grounds for dismissal.

On appeal, plaintiff argues that the trial court erred in ruling that the maintainability of his cause of action should be determined by New York's one-year limitations period. The Firm argues that the court correctly ruled that this action is barred by the New York statute of limitations and, in the alternative, that it is also barred by res judicata and the entire controversy doctrine and that the complaint fails to state a cause of action.

We conclude that this action is barred by New York's one-year limitations period on such a cause of action. Thus, there is no need to reach the Firm's alternative arguments for affirmance.

## II.

In *Heavner v. Uniroyal, Inc.*, 63 *N.J.* 130, 135–42, 305 *A.*2d 412 (1973), our Supreme Court rejected the common law rule that the statute of limitations of the forum state—here New Jersey—should be automatically applied and held that in appropriate circumstances a New Jersey court should apply the statute of limitations of another state with a greater interest in the litigation. Although the Court held that the causes of action asserted in *Heavner* were barred by the applicable statute of limitations of North Carolina, where the cause of action arose and which had the only significant interest in its disposition, the Court declined to adopt a general rule for determining the applicable statute of limitations in other circumstances. *Id.* at 141, 305 *A.*2d 412. Instead, the Court left that question open for determination in subsequent cases. *Ibid.*

Thereafter, in *Gantes v. Kason Corp.*, 145 *N.J.* 478, 484, 679 *A.*2d 106 (1996), the Court held that where New Jersey and another state with an interest in an action have conflicting statutes of limitations, our courts will apply the same "flexible 'governmental-interest' standard" that governs other questions of choice of substantive law, "which requires application of the law of the state with the greatest interest in resolving the particular issue that is raised in the underlying litigation." The Court emphasized that this determination should be "made on an issue-by-issue basis." *Ibid.* Thus, the state whose law determines whether an action is time-barred is not necessarily the same state whose substantive law would apply if the action is maintainable. *Id.* at 495–96, 679 *A.*2d 106.

In *P.V. v. Camp Jaycee*, 197 *N.J.* 132, 139–43, 962 *A.*2d 453 (2008), the Court held that the method of analysis set forth in sections 6 and 145 of the *Restatement (Second) of Conflicts of Laws* for identifying the state with the "most significant relationship" to the parties and issues, rather than the "governmental interest" test applied in *Heavner* and *Gantes*, should be followed in determining conflicts of law questions in tort actions. The Court observed in a footnote that "the [Second Restatement's] most significant relationship test embodies all of the elements of the governmental interest test plus a series of other factors deemed worthy of consideration." *Id.* at 132, n. 4, 962 *A.*2d 453.

Although section 142 of the original Second Restatement adopted the common law rule that the forum state would apply its own statute of limitations to allow maintenance of an action even though the substantive law of another state would govern its determination, the American Law Institute adopted a revised version of section 142 in 1988 under which the applicable statute of limitations is determined by essentially the same "most significant relationship" test used to determine other choice-of-law issues. *See Restatement (Second) of Conflicts of Laws* § 142 (1971) (revised 1988). Under this revision, section 142(2) now provides in pertinent part:

Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6.[2] In general, unless the exceptional circumstances of the case make such a result unreasonable:

. . . .

(2) The forum will apply its own statute of limitations permitting the claim unless:

(a) maintenance of the claim would serve no substantial interest of the forum; and

(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

[*Restatement, supra*, § 142(2).]

The comments to the revised section 142 contain the following explanation for this change:

At the time of the appearance of this Restatement in 1971, the courts usually characterized statutes of limitations as procedural. . . . [A] claim would be maintained, subject to one exception, when it was not barred in the forum even though it would be barred by the statute of limitations of the alternative forum. . . .

Many subsequent cases have taken a different view. They no longer characterize the issue of limitations as ipso facto procedural and hence governed by the law of the forum. Instead, the courts select the state whose law will be applied to the issue of limitations by a process essentially similar to that used in the case of other issues of choice of law. These cases represent the emerging trend. They stand for the proposition that a claim will not be maintained if it is barred by the statute of limitations of the state which, with respect to the issue of limitations, is the state of most significant relationship to the occurrence and the parties under the principles stated in § 6.

[*Restatement, supra*, § 142 cmt. e.]

The Reporter's Note on these comments cite *Heavner* as one example of this "emerging trend" in the case law. *Restatement, supra*, § 142 Reporter's Note on cmt. e.

---

[2] Section 6(2) sets forth the following general factors for resolution of choice-of-law questions: (a) the needs of the interstate and international systems[;] (b) the relevant policies of the forum[;] (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue[;] (d) the protection of justified expectations[;] (e) the basic policies underlying the particular field of law[;] (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied. These general factors do not affect our analysis of the specific factors set forth in section 142(2) and the accompanying comments in determining the statute of limitations applicable to plaintiff's malicious use of process claim.

Directly applicable to this appeal, the comments to the revised section 142 also state that "where the domicile of the plaintiff is in the state of the forum and that of the defendant is in the other state with the most significant relationship to important issues in the case[,] ... the forum should entertain the claim only in extreme and unusual circumstances." *Restatement, supra*, § 142 cmt. g.

In light of the holding in *P.V.* that the "most significant relationship" test should be applied in determining conflicts of law questions in tort actions, we conclude that our Supreme Court would now apply the "most significant relationship" test of section 142 in determining the applicable statute of limitations. In reaching this conclusion, we note that the application of this test does not generally differ substantially from the "governmental interest" test the Court used in *Heavner* and *Gantes*. *See Fu v. Fu*, 160 *N.J.* 108, 144, 733 *A.*2d 1133 (1999).

Applying section 142 to plaintiff's malicious use of process action, we conclude that allowing plaintiff to maintain this claim in New Jersey "would serve no substantial interest of the forum." *Restatement, supra*, § 142(2)(a). Although plaintiff is a New Jersey resident and part of his legal practice that the Firm allegedly damaged by filing its New York breach of contract action was conducted in New Jersey, this State's interest in protecting its residents from financial harm arising from their professional activities in another state does not by itself constitute what the comments to the revised section 142 characterize as an "extreme and unusual circumstance[ ]" *Restatement, supra*, § 142 cmt. g, that could justify application of New Jersey's statute of limitations to a claim arising out of a multi-faceted dispute centered in New York. *See Nierman v. Hyatt Corp.*, 441 *Mass.* 693, 808 *N.E.*2d 290, 293–94 (2004). The primary office of the Firm was in New York; plaintiff was a partner in that office; the sexual harassment occurred in New York; both plaintiff's defamation action and the Firm's breach of contract action upon which plaintiff's malicious use of process claim was based were filed in New York; and those

actions arose out of the parties' business relationship in New York. Therefore, this action is barred by the one-year limitations period upon actions for malicious use of process enacted in New York, which clearly has "a more significant relationship to the parties and the occurrence" than New Jersey. *Restatement, supra,* § 142(2)(b).

Although section 142 directly governs the choice of the applicable limitations period, *see Restatement, supra,* § 142 cmt. e, our conclusion that this action is barred by the one-year New York statute of limitations is also supported by section 155 of the Second Restatement, which deals specifically with resolution of choice-of-law issues in actions for malicious prosecution or abuse of process.[3] This section states:

> The rights and liabilities of the parties for malicious prosecution or abuse of process are determined by the local law of the state where the proceeding complained of occurred, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
>
> [*Restatement (Second) of Conflicts of Laws* § 155 (1971).]

The comments to section 155 state:

> The state where the proceeding complained of occurred has a natural interest in determining the extent to which resort to its legal processes is to be inhibited by the possibility that a person making use of these processes will be held liable for malicious prosecution or abuse of process.
>
> [*Restatement, supra,* § 155 cmt. b.]

In this case, the "proceeding complained of"—the Firm's July 2008 action against plaintiff for breach of contract and fiduciary duty—was brought in New York. Moreover, the conduct of both parties that gave rise to that action—plaintiff's harassment of female employees in the Firm's New York City office, the Firm's termination of plaintiff, the Firm's circulation of alleged defamatory statements concerning the reasons for plaintiff's termination, and plaintiff's filing of a defamation action against the Firm—all

---

[3] As previously noted, see n. 1, the applicable cause of action is referred to in this State as malicious use of process.

occurred in New York. Thus, New York was not only the state where the Firm filed the alleged malicious action, but also the locus of all the claims and counterclaims between the parties.

Therefore, under the "most significant relationship" test adopted in the revised section 142 of the Second Restatement, which is reinforced by the heavy weight section 155 gives to the State where an alleged malicious action was filed in resolving choice-of-law questions, the New York one-year limitations period requires dismissal of this action.

Affirmed.