Macdonald, D. Lloyd, J.
Before the Court are the motions to dismiss of the defendants Stop & Shop Companies, Inc. (“Stop & Shop”), Turbana Corporation (“Turbana”) and Horizon Stevedoring (“Horizon”). The common ground of all the motions is that the action is time-barred because of the Pennsylvania two-year statute of limitations. In addition, Turbana and Horizon move to dismiss on jurisdictional grounds.
The Court ALLOWS all three motions because the Pennsylvania statute of limitations applies. Alternatively, the Court ALLOWS Horizon’s motion because Horizon has insufficient contacts with Massachusetts to satisfy either the Massachusetts longarm statute or the constitutional principles of International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
Discussion
At this stage the Court is bound by the factual allegations of the amended complaint.
In essence, the action arises out of an accident that occurred on December 29,2009 in Philadelphia on the premises of Turbana, a shipping transit company, when a forklift allegedly operated by a Horizon employee ran over the plaintiffs foot. At the time, bananas were being loaded by Horizon in the truck that had been driven to the site by the plaintiff for delivery to Stop & Shop in Massachusetts. The plaintiff, who resided in Bristol County, was employed by Prey Trucking in Seekonk. The product destined for Stop & Shop had been off-loaded from a ship at the Turbana facility.
Pennsylvania has a two-year statute of limitations for negligence actions. The action was filed on July 18, 2012, seven months after the expiration of the Pennsylvania limitations period. The amended complaint was filed on August 21, 2012.
For all practical purposes, the case is controlled by the SJC’s decision in Nierman v. Hyatt Corporation, 441 Mass. 693 (2004).
Nierman involved Massachusetts plaintiffs who were injured in an accident at the Hyatt Regency Hotel at the Dallas-Fort Worth Airport operated by the Delaware and Illinois based defendant. Texas had a two-year statute of limitations for tort actions. The complaint was filed in Middlesex County three years to the day following the accident. Without repeating the detailed results of the “functional approach” applied by the Nierman court pursuant to the SJC’s earlier decision in New England Tel. & Tel. Co. v. Gourdeau Constr. Co., 419 Mass. 658, 663-64 (1995), the SJC concluded:
We next consider whether, regardless that Texas is the State with the closer connections to the [limitations] issue, Massachusetts has a substantial interest that would be advanced by entertaining the Mermans’ claims. We conclude that it does not. Massachusetts has a general interest in having its residents compensated for personal injuries suffered in another State. It cannot be said, however, that its interest in the timeliness of such an action is more compelling than that of Texas . . . [The two year Texas limitations period] reflects [the Texas legislature’s] judgment as to the proper balance between the need of its citizens to redress injuries and their right to be protected from protracted exposure to liability.
441 Mass. at 697-98.
With the SJC having spoken so clearly on facts so similar to the undisputed record here, the Court has no alternative but to conclude that Pennsylvania’s interest in the limitations issue is superior to that of Massachusetts’s interest in the same. Accordingly, the plaintiffs action is untimely as to all defendants.
As noted earlier, Turbana and Horizon alternatively move to dismiss on jurisdictional grounds. Evidence outside the pleadings was incorporated in the pleadings by each defendant. At this stage, such evidence is not to be considered without the motions being converted to motions for summary judgment. Mass.R.Civ.P. 12(b). The Court declines to do so.
However, on the facts alleged in the amended complaint, Horizon’s contacts with Massachusetts are insufficient under G.L.c. 223A, §3. Further, they do not meet the International Shoe constitutional threshold for the exercise of jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).
ORDER
The defendants’ motions to dismiss are ALLOWED.