NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-675

BUGSBY PROPERTY, LLC

vs.

ALEXANDRIA REAL ESTATE EQUITIES, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Bugsby Property, LLC, appeals from a judgment entered by a Superior Court judge dismissing its claims for quantum meruit and unjust enrichment on statute of limitations grounds. Concluding that, under choice of law principles, the California statute of limitations applies and that the plaintiff's claims are time barred, we affirm.

1. Background. Although this case came before the motion judge on a motion to dismiss, the parties submitted, and the judge considered, matters outside the pleadings. For the reasons stated below, we summarize the evidence before the judge in the light most favorable to the plaintiff.

The core of the plaintiff's complaint is that it provided the defendant, Alexandria Real Estate Equities, Inc., with a strategic plan called the Bugsby Blueprint that the defendant

used to regain its profitability.  The plaintiff asserts that it reasonably expected to be compensated for its services if and when the defendant successfully developed a project using the plaintiff's advice.

Taken in the light most favorable to the plaintiff, the factual record demonstrates that the initial meeting between the parties occurred in November 2013, when the plaintiff's manager, Steven Marcus, was celebrating Thanksgiving at his parents' home in California.  At the time, Steven's father, Joel Marcus, served as the chairman and chief executive officer (CEO) of the defendant.[1]  Joel asked Steven during his visit for advice on how to improve the defendant's share price.  Steven agreed that his company would provide advisory services to the defendant with the objective of creating a new capital strategy to improve the defendant's share price.

Over the next few weeks, while in New York and London, the plaintiff worked to identify the source of the defendant's underperformance.[2]  Steven "worked to diagnose the causes of [the defendant's] share price stagnation. . . .  [T]his work primarily took place in New York City."  On December 4, 2013, Steven attended the defendant's shareholder meeting (Investor Day) in New York "as part of the work that Joel Marcus had asked

---

[1] Joel served as the CEO until April 2018.
[2] The plaintiff's principal place of business is in London.

2

[him] to perform."  Later that same day, Steven emailed the defendant an outline of the plaintiff's initial recommendation. Steven "sent the email from New York City, and Joel Marcus received the email while he was in New York City."

Over the next few weeks, Steven met with or otherwise communicated with numerous financial analysts and investment bankers in New York City.  The plaintiff's "analysis and advice was completed and delivered to [the defendant] by December 20, 2013."  "All work that went into Bugsby's creation . . . was completed prior to December 27, 2013."  The defendant alleges that the Bugsby Blueprint was first successfully used in December 2015 when the defendant sold a seventy percent interest in its property in Cambridge, Massachusetts to its new joint venture partner.  The plaintiff alleges that the defendant continued to use the Bugsby Blueprint for numerous other transactions through at least 2019.

The plaintiff filed its complaint on August 27, 2020.[3]

2.  Standard of review.  Under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), if "'matters outside the pleading are

_____

[3] To the extent California law applies, the statute of limitations would be tolled from April 6, 2020, until the filing of the complaint because of the COVID-19 pandemic.  See People v. Financial Cas. & Sur., Inc., 73 Cal. App. 5th 33, 38-39 (2021).  To the extent Massachusetts law applies, the statute of limitations would be tolled from March 17 to June 30, 2020.  See Shaw's Supermrkts., Inc. v. Melendez, 488 Mass. 338, 338 (2021).

presented to and not excluded by the court, the motion shall be treated as one for summary judgment' rather than as one to dismiss." Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 224 (2011), quoting Mass. R. Civ. P. 12 (b). See Abrahamson v. Estate of LeBold, 89 Mass. App. Ct. 223, 225 (2016) ("Although heard as a motion to dismiss, . . . the motion was converted to a motion for summary judgment by submission and consideration of matters outside the pleadings"). Here, both parties submitted affidavits with exhibits on the choice of law and statute of limitations issues and argued the issues based on the facts in those affidavits. By considering those affidavits submitted by the parties, the judge "implicitly treated the motion[] as one[] for summary judgment under Mass. R. Civ. P. 56, 365 Mass. 824 (1974)." Starkey v. Deutsche Bank Nat'l Trust Co., 94 Mass. App. Ct. 1, 6 (2018).

On a motion for summary judgment, "our review is de novo." DeWolfe v. Hingham Ctr., Ltd., 464 Mass. 795, 799 (2013). "Drawing every inference from the record in favor of the nonmoving parties, the plaintiff[], we must determine whether there is any genuine issue of material fact and whether, as a matter of law, the defendant[] [is] entitled to judgment." Starkey, 94 Mass. App. Ct. at 6.

3. Statute of limitations. a. Choice of law. Under choice of law principles, Massachusetts "will apply its own

4

statute of limitations to permit a claim unless:

'(a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.'" Pacific Ins. Co., Ltd. v. Champion Steel, LLC, 97 Mass. App. Ct. 791, 794 (2020), quoting Nierman v. Hyatt Corp., 441 Mass. 693, 695-696 (2004).  "In assessing those interests, we focus only on the interests that bear on the statute of limitations." Andersen v. Lopez, 80 Mass. App. Ct. 813, 816 (2011).

Here, based on the undisputed facts, the California statute of limitations applies to the plaintiff's claims.  See Kahn v. Royal Ins. Co., 429 Mass. 572, 574 (1999) (declining to apply Massachusetts statute of limitations).  First, Massachusetts has no substantial interest in maintaining the plaintiff's claims because none of the work for which the plaintiff seeks compensation was conducted in Massachusetts.  See id. at 575 (plaintiffs' "claim involves an insured under a Florida insurance policy issued in Florida by a Florida producer to a Florida motor vehicle owner, covering a vehicle bearing Florida plates and operated by a vice-president of the Florida insured").  The initial meeting where the plaintiff agreed to provide advisory services to the defendant occurred in California over the Thanksgiving holiday.  From late November to

5

December 2013, the plaintiff met with Wall Street analysts, conducted independent research, attended Investor Day, spoke with the defendant's major shareholders, and prepared the Bugsby Blueprint. Although the plaintiff conducted some of its work in London, the work was primarily performed in New York. None of the work was performed in Massachusetts.

The plaintiff claims that the transaction is connected to Massachusetts because the Bugsby Blueprint was first successfully applied to one of the defendant's Massachusetts properties and that event triggered the defendant's duty to pay the plaintiff. The fact that the blueprint was first applied to a Massachusetts property, however, was happenstance. See Kahn, 429 Mass. at 574-575 (1999) ("that the accident occurred in Massachusetts and the plaintiffs are Massachusetts residents provide Massachusetts no substantial interest in the insurance policy claim"). In this case, virtually "all of the acts and events that gave rise to this litigation occurred" outside of Massachusetts. Nierman, 441 Mass. at 698.

Second, California has "a more significant relationship to the parties and the occurrence," relative to Massachusetts. Andersen, 80 Mass. App. Ct. at 815, quoting Restatement (Second) of Conflict of Laws § 142 (Supp. 1989). The defendant is headquartered in California, its key employees are located there, and the initial meeting where the plaintiff agreed to

6

provide strategic advice to the defendant occurred in California.  See Nierman, 441 Mass. at 697 (applying Texas statute of limitations where alleged negligence occurred in Texas, plaintiff suffered injuries in Texas, defendant "operates a business there and employs Texans," and plaintiffs "had traveled to Texas when the alleged accident occurred").  Accordingly, the California statute of limitations controls.[4]

b.  Accrual of the plaintiff's claims.  Under California law, a plaintiff has two years to bring a quantum meruit claim and three years to bring an unjust enrichment claim.  See Cal. Code Civ. Proc. § 339(1); Leighton v. Forster, 8 Cal. App. 5th 467, 490 (2017) (two-year statute of limitations for quantum meruit claim); Federal Deposit Ins. Corp. v. Dintino, 167 Cal. App. 4th 333, 348 (2008) (three-year statute of limitations for unjust enrichment claim).  Where a defendant moves for summary judgment based on the statute of limitations, "once the defendant establishes that the time period between the plaintiff's injury and the plaintiff's complaint exceeds the limitations period set forth in the applicable statute, the plaintiff bears the burden of alleging facts which would take

---

[4] At no point, either below or on appeal, did either party suggest that New York law should apply.  Rather, the parties suggested only that either California or Massachusetts law applied.  As such, "[w]e decline to address this issue."  Ramzi, Inc. v. Department of Pub. Health, 85 Mass. App. Ct. 353, 362 n.19 (2014).

7

his or her claim outside the statute."  O'Connor v. Redstone, 452 Mass. 537, 551 (2008), quoting McGuinness v. Cotter, 412 Mass. 617, 620 (1992).

Here, the plaintiff argues that California's discovery rule applies because it first became aware of the defendant's using the Bugsby Blueprint successfully in December 2018.  Under the discovery rule, "a cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action."  Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 803 (2005).  "Courts have relied on that rule to toll or expand the statute of limitations in cases where starting the limitations period on the date of the plaintiff's injury would be '"manifestly unjust"' because '[t]he injury or the act causing the injury, or both, have been difficult for the plaintiff to detect.'"  Pollock v. Tri-Modal Distribution Servs., Inc., 11 Cal. 5th 918, 946 (2021), quoting April Enters., Inc. v. KTTV, 147 Cal. App. 3d 805, 826, 831 (1983). Here, the plaintiff baldly asserts that it "reasonably was unaware of [its injury] until December 2018," but presented no evidence to suggest that a reasonable investigation at the time of the 2015 transaction would not have revealed a factual basis

8

for its causes of action and, indeed, alleged in its complaint that the 2015 transaction was "announced August 11, 2015."  Cf. McGuinness, 412 Mass. at 624-625 (interrogatory responses satisfied plaintiffs' "burden of responding to the defendants' motion by alleging facts which, if proved at trial, would bring [their] claims outside the impact of the statute of limitations"); Castillo v. Massachusetts Gen. Hosp., 38 Mass. App. Ct. 513, 515 n.5 (1995) ("affidavits suffice to meet the plaintiffs' burden, in the face of a motion for summary judgment based on the statute of limitations").  Accordingly, the plaintiff failed to place facts in dispute that would permit a jury to find that the discovery rule applied.[5]

We similarly reject the plaintiff's invocation of California's continuous accrual doctrine.  The doctrine applies "whenever there is a continuing or recurring obligation."  Aryeh v. Caron Business Solutions, Inc., 55 Cal. 4th 1185, 1199 (2013).  Again, "once the defendant establishes that the time period between the plaintiff's injury and the plaintiff's

---

[5] The plaintiff argues that, under California law, the statute of limitations was tolled during the time that actions in New York were pending.  This is a complicated question of law, see, e.g., Hopkins v. Kedzierski, 225 Cal. App. 4th 736, 747 (2014), but we need not reach it.  The plaintiff represented to the Superior Court judge that, even under the most generous application of tolling under California law, the complaint's timeliness requires that the plaintiff was reasonably unaware of its cause of action prior to July 2017.

complaint exceeds the limitations period set forth in the applicable statute, the plaintiff bears the burden of alleging facts which would take his or her claim outside the statute." O'Connor, 452 Mass. at 551, quoting McGuinness, 412 Mass. at 620.

The summary judgment record is devoid of facts that would support a recurring obligation. Steven attested to "the understanding that Bugsby would -- if successful -- receive market-based compensation for its work" and made no reference to any recurring obligation. Moreover, the plaintiff does not provide any California precedent to support the proposition that quantum meruit or unjust enrichment damages can exceed the reasonable value of the plaintiff's services, which were completed by the end of 2013. See, e.g., Pacific Bay Recovery, Inc. v. California Physicians' Servs., Inc., 12 Cal. App. 5th 200, 214 (2017) ("Quantum meruit permits the recovery of the reasonable value of services rendered"); Hernandez v. Lopez, 180 Cal. App. 4th 932, 939 (2009), quoting Dunkin v. Boskey, 82 Cal. App. 4th 171, 195 (2000) ("the measure of damages . . . for

10

unjust enrichment 'is synonymous with restitution'").

Judgment affirmed.

By the Court (Sullivan,
Sacks & Ditkoff, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  May 15, 2023.

---

[6] The panelists are listed in order of seniority.