NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-1259                                          Appeals Court


   U.S. BANK NATIONAL ASSOCIATION, trustee,[1]  vs.  WENDY BOLLING.


                        No. 15-P-1259.

        Hampden.     June 9, 2016. - September 1, 2016.

           Present:  Grainger, Meade, & Wolohojian, JJ.


Contract, Choice of law clause.  Mortgage, Assignment,
     Foreclosure.  Real Property, Mortgage.  Practice, Civil,
     Standing.  Conflict of Laws.



     Summary process.  Complaint filed in the Western Division
of the Housing Court Department on April 17, 2012.

     The case was heard by Robert G. Fields, J., on motions for
summary judgment; a motion to vacate judgment, filed on April 1,
2014, was heard by him; a motion for reconsideration, filed on
May 22, 2014, was heard by him; and the entry of judgment was
ordered by him.


     Robert Bruce Allensworth (Robert W. Sparkes, III, with him)
for the plaintiff.
     Glenn F. Russell, Jr., for the defendant.
     Daniel Bahls & Uri Strauss, for Luz Diaz, amicus curiae,
submitted a brief.


_____

     [1] For RASC 2006KS9 c/o GMAC Mortgage, LLC.

WOLOHOJIAN, J.  At issue is whether the defendant, Wendy Bolling, has standing to challenge the assignment of a mortgage that was not made in accordance with the terms of a pooling and servicing agreement (PSA) to which she was not a party.  Because the defect rendered the assignment merely voidable rather than void, we conclude that she does not.

Bolling moved for summary judgment in the summary process eviction action below, arguing (among other things)[2] that the foreclosure sale through which the plaintiff, U.S. Bank National Association, trustee for RASC 2006KS9 c/o GMAC Mortgage, LLC (trust), took title to a property at 114 Lamont Street, Springfield, was void because the assignment of the mortgage to the trust did not comply with the terms of a PSA between Residential Asset Securities Corporation, Residential Funding Company, LLC, and U.S. Bank National Association.[3]  Specifically, Bolling alleged that the assignment did not take place within the time period required under the PSA.  She further argued that this deficiency rendered the assignment void under New York law,

---

[2] Bolling also argued that the assignment was void because it did not comply with G. L. c. 244, § 35A.  The judge originally allowed summary judgment on this basis.  However, the judge later vacated his decision based on the Supreme Judicial Court's subsequent decision in U.S. Bank Natl. Assn. v. Schumacher, 467 Mass. 421 (2014).  Bolling has not appealed from that determination, nor has she made any argument on appeal concerning it.

[3] Bolling was not a party to the PSA, nor does she claim to be an intended third-party beneficiary.

which she contended governed because of the PSA's choice-of-law provision.[4]  The judge agreed, ruled that Bolling had standing to challenge the assignment because it was void under New York law (and not merely voidable), and allowed her motion for summary judgment.  Judgment entered accordingly.  The trust appeals.

We begin with the proposition, of long standing, that Massachusetts applies its own law to claims and defenses involving real property located within its borders.  See Ross v. Ross, 129 Mass. 243, 246 (1880); Glannon & Teninbaum, Conflict of Laws in Massachusetts Part I:  Current Choice-of-Law Theory, 92 Mass. L. Rev. 12, 23 (2009) ("Massachusetts has long held that the law of the place where real property is located governs").  Bolling's challenge to the assignment, regardless of how she has phrased it, is just such a claim.  As we have previously explained, "the legally cognizable interest [Bolling] seek[s] to protect [is her] ownership interest in the property, based on [her] claim that [the trust's] purported foreclosure was void by reason of its lack of legal authority to conduct it."  Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 206 (2014).  Understanding Bolling's challenge to the

---

[4] The PSA provides that "[t]his agreement . . . shall be governed by and construed in accordance with the laws of the State of New York, without regard to the conflict of law principles thereof . . . and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws."

assignment's validity in this way, it is clear that her claims (as well as her standing to assert them) are governed by Massachusetts law.  See Restatement (Second) Conflicts of Laws § 223(1) (1971) ("Whether a conveyance transfers an interest in land and the nature of the interest transferred are determined by the law that would be applied by the courts of the situs").

We would reach the same result using a functional approach to resolving which law applies.[5]  See Resolute Mgmt. Inc. v. Transatlantic Reins. Co., 87 Mass. App. Ct. 296, 302 (2015), quoting from Lou v. Otis Elevator Co., 77 Mass. App. Ct. 571, 583 (2010) (in tort cases, "Massachusetts generally follows a functional approach to resolving choice of law questions on substantive matters, eschewing reliance on any particular choice-of-law doctrine").  As the State where the real property is located, Massachusetts has the strongest interest in ensuring that the foreclosure took place in accordance with its laws and in determining who has the superior right of possession.  See Newburyport Five Cents Sav. Bank v. MacDonald, 48 Mass. App. Ct. 904, 906 (1999).

The PSA's choice-of-law provision, see note 4, supra, does not bear on what law governs Bolling's standing to challenge the

---

[5] We do not mean to suggest that the functional approach is necessarily to be applied to claims concerning real property, although it appears to have been used -- albeit without discussion -- in Newburyport Five Cents Sav. Bank v. MacDonald, 48 Mass. App. Ct. 904 (1999).

trust's claim of superior possession to the property. Bolling's counterclaims and defenses do not arise from either the assignment or from the PSA, Sullivan, 85 Mass. App. Ct. at 205, and Bolling has not otherwise shown any interest New York might have in the property, or in who has title or the superior right of possession. For these same reasons, New York law does not govern whether the assignment was "void" or "voidable" for purposes of establishing Bolling's standing.

Under Massachusetts law, although Bolling has standing to challenge deficiencies that render the assignment void, she does not have standing to challenge those that make it merely voidable. See id. at 206; Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 502-504 (2014). See also Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 290-291 (1st Cir. 2013); Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013). Bolling does not argue, nor has she shown, that the assignment on its face failed to satisfy the applicable statutory requirements for assignments. See G. L. c. 183, § 54B. She therefore has "no basis for arguing that the assignment is void." Wain, 85 Mass. App. Ct. at 504. Her contention that the assignment was not made in accordance with the terms of the PSA, a contract to which she had no connection, either as a party or an intended third-party beneficiary, is instead the type of latent defect that renders an assignment

merely voidable.  Ibid.  See Woods, 733 F.3d at 354 ("claims that merely assert procedural infirmities in the assignment of a mortgage, such as a failure to abide by the terms of a governing trust agreement, are barred for lack of standing").[6]

The judgment is vacated and the matter is remanded for further proceedings consistent with this opinion.

So ordered.

---

[6] Although we conclude that New York law does not apply, we note that it would lead to the same result.  "[A] mortgagor whose loan is owned by a trust, does not have standing to challenge the plaintiff's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA."  Wells Fargo Bank, N.A. v. Erobobo, 127 A.D.3d 1176, 1178 (2015).  See Rajamin v. Deutsche Bank Natl. Trust Co., 757 F.3d 79, 86-87 (2d Cir. 2014).