Deutsche Bank Trust Company Americas, trustee of Residential Accredit Loans, Inc. (Deutsche Bank), appeals from an order for final judgment awarding possession of certain real property to the defendants (Dominguez) and from the denial of its motion for summary judgment on the defendants' two counterclaims. Because the order for final judgment was based on an error of law, we reverse.
Background. In 2007, Jamie Dominguez purchased a property located in Springfield, securing a loan from GN Mortgage, LLC, and granting a mortgage to Mortgage Electronic Registration Systems (MERS) as nominee for the lender. In 2010, MERS assigned the mortgage to Deutsche Bank. Dominguez subsequently defaulted on his loan obligation.
Deutsche Bank foreclosed on the property and purchased the property at a foreclosure sale on January 24, 2012. Thereafter, on June 1, 2012, Deutsche Bank served upon the defendants a notice to quit, and commenced a summary process action in Housing Court. Dominguez filed a timely answer claiming that Deutsche Bank had acquired the mortgage in violation of the trust's governing pooling and service agreement (PSA), making its foreclosure invalid. Dominguez also asserted counterclaims seeking (1) declaratory judgment for superior possession and (2) quiet title pursuant to G. L. c. 240, § 6.
In April, 2013, Dominguez moved for summary judgment on Deutsche Bank's summary process claim contending that Deutsche Bank lacked superior right to possession of the property and therefore lacked standing to evict him. Specifically, Dominguez argued that pursuant to the PSA governing the trust for which Deutsche Bank served as trustee, his mortgage had to be transferred by the closing date as defined in the trust, namely May 30, 2007. Since the mortgage was not transferred to the trust until September 27, 2010, Dominguez claims the assignment was void under New York law and the subsequent foreclosure was invalid. The court adopted Dominguez's argument, and his motion for summary judgment on Deutsche Bank's summary process claim was allowed on April 30, 2014. The Housing Court judge was then designated as a Superior Court judge to handle Dominguez's remaining counterclaims. Deutsche Bank moved for summary judgment on both of Dominguez's counterclaims in April, 2015, and Dominguez filed a separate motion for summary judgment on his counterclaim to quiet title.
On November 21, 2016, an "order for final judgment" entered allowing Dominguez's claim for possession and denying Deutsche Bank's motion for summary judgment on Dominguez's counterclaims. The order further stated, "[T]his [order] represents final adjudication on the legal claims before the court in this matter." Deutsche Bank filed a timely appeal from the order for final judgment.
Discussion. 1. Summary process. The judge's allowance of summary judgment in Dominguez's favor on Deutsche Bank's summary process claim must be reversed. This case is controlled by U.S. Bank Natl. Assn. v. Bolling, 90 Mass. App. Ct. 154 (2016), and Strawbridge v. Bank of N.Y. Mellon, 91 Mass. App. Ct. 827, 832 & n.10 (2017). In Bolling and Strawbridge, this court held that a borrower, who was not a party to the PSA, lacked standing to challenge the validity of the assignment, because such a defect would render the assignment merely voidable at the election of one of the parties to the PSA (rather than void). Bolling at 156-157. Like the mortgagor in Bolling, Dominguez did not have standing to assert the alleged violation of the PSA upon which the judgment awarding him possession was premised.
2. Counterclaims. Count one of Dominguez's counterclaim seeks a declaratory judgment invalidating the foreclosure due to the invalid assignment of the mortgage to the trust. As discussed above, Dominguez lacks standing to raise the validity of the assignment; his declaratory judgment claim fails as a matter of law. Deutsche Bank is entitled to judgment on count one of the counterclaim. A declaration on count one that Dominguez lacks standing to pursue the claim shall enter.
Likewise, Deutsche Bank is entitled to judgment on count two of the counterclaim seeking to quiet title pursuant to G. L. c. 240, § 6. Under G. L. c. 240, § 6, an action to quiet title cannot be sustained unless the moving party can show actual possession and legal title to the property. Bevilacqua v. Rodriguez, 460 Mass. 762, 767 & n.5 (2011). Since Dominguez lacked standing to challenge the assignment, the foreclosure was valid and gave Deutsche Bank legal title to the property.
Conclusion. The order for final judgment is reversed, and judgment awarding possession to Deutsche Bank shall enter. On count one of the counterclaims, judgment shall enter in favor of Deutsch Bank, declaring that Dominguez lacks standing to pursue the claim; judgment shall also enter for Deutsche Bank on count two of the counterclaims.
So ordered.
Reversed.