The plaintiff, Robert R. Gambee, appeals from a judgment that dismissed, on the defendant banks' joint motion pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), his complaint for declaratory relief. This is the latest of several actions by which Gambee has sought to set aside the 2010 foreclosure of his Nantucket property. Gambee asserts that the foreclosure was defective in various ways. The two earlier actions have both resulted in a final judgment against Gambee.[3] Here, the judge ruled that Gambee's claims arise from the same factual nexus, and are at least functionally identical to, those Gambee raised in the earlier actions. As such, the judge ruled Gambee's present action is barred by res judicata.[4] After review we see no error.
We review the judge's dismissal of the case de novo. Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). The doctrine of res judicata applies when "a valid, final judgment conclusive on the parties and their privies" has been entered, and it "bars further litigation of all matters that were or should have been adjudicated in the action." Heacock v. Heacock, 402 Mass. 21, 23 (1988). "Before precluding the party from relitigating an issue, 'a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication.' " Petrillo v. Zoning Bd. of Appeals of Cohasset, 65 Mass. App. Ct. 453, 457 (2006), quoting from Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005). There is no question that the first and second elements are met here, so we limit our review to determining whether the identity of the cause of action in the present case is the same as the previous Gambee decisions. Specifically, we look to whether "it is derived from the same transaction or series of connected transactions." Saint Louis v. Baystate Med. Center, Inc., 30 Mass. App. Ct. 393, 399 (1991).
Though not perfectly clear, Gambee raises several iterations of the same basic argument on appeal: the judge's invocation of res judicata was misguided in this action. Specifically, Gambee contends that his assertions, namely that the foreclosure sale was void because the seller lacked possession of the note and the mortgage, rely on newly discovered information that was unavailable to him at the time of his original challenge.[5] He further asserts that the present action is distinct from Gambee I, where he asked the court to declare as void the assignment of his mortgage from Wells Fargo Bank, N.A. (Wells Fargo), to the entity that sold it due to noncompliance with certain formalities. Now, Gambee seeks a judicial declaration that the assignment from Wells Fargo to the selling entity never actually took place.
This appeal stems essentially from the same central set of facts as his previous actions, and there is nothing to support his assertion that his present argument is indeed based on newly discovered facts. Having thoroughly reviewed the record, we find Gambee's arguments to be unavailing and conclude, like the judge below, that his present complaint challenging the foreclosure sale was nearly identical to the claims he pressed in Gambee I. The judge properly found, therefore, that these claims were barred by res judicata.
Judgment affirmed.

See Gambee vs. Wells Fargo Bank, N.A., Land Ct., No. 13 MISC. 477140 (KCL) (Nov. 5, 2013) (Gambee I); Gambee vs. Wells Fargo Bank, N.A., U.S. Dist. Ct., No. 13-CV-10753-GAO (D. Mass. Jan. 9, 2014), aff'd, No. 14-1164 (1st Cir. Aug. 5, 2014).

While we need not reach the merits of this case, we note that our decision in U.S. Bank Natl. Assn. v. Bolling, 90 Mass. App. Ct. 154 (2016), is instructive on the substantive issues forwarded by Gambee.

The premise for his particular argument regarding the foreclosure sale stemmed from a conversation Gambee had with an attorney at some point between the dismissal of Gambee I and the filing of the present action.